1  AYTAN Y. BELLIN
   (motion for admission *pro hac vice* to be filed)
2  AYTAN.BELLIN@BELLINLAW.COM
   BELLIN & ASSOCIATES LLC
3  85 Miles Avenue
   White Plains, New York 10606
4  Telephone: (914) 358-5345
   Facsimile: (212) 571-0284
5
6  JOSEPH R. COMPOLI, JR.
   (motion for admission *pro hac vice* to be filed)
7  josephcompoli@sbcglobal.net
   612 East 185th Street
8  Cleveland, Ohio 44119
   Telephone: (216) 481-6700
9  Facsimile: (216) 481-1047

10 ROGER FURMAN (STATE BAR NO. 149570)
   roger.furman@yahoo.com
11 7485 Henefer Avenue
   Los Angeles, California 90045
12 Telephone: (310) 568-0640
   Facsimile: (310) 694-9083
13
   Attorneys for plaintiffs Michael A.
14 Vandervort and U.S. Sample Services, Inc.

15                    UNITED STATES DISTRICT COURT

16                   CENTRAL DISTRICT OF CALIFORNIA

17                         SOUTHERN DIVISION

18 MICHAEL A. VANDERVORT and )   Case No. SA CV 11-01578
   U.S. SAMPLE SERVICES, INC., on )
19 behalf of themselves and all others )  Hon.                    JST(JPRx)
   similarly situated,              )
20                                  )   **COMPLAINT FOR:**
21          Plaintiffs,             )
                                    )   **1. MONETARY RELIEF FOR**
22    vs.                           )   **VIOLATION OF 47 U.S.C. § 227(B)**
                                    )   **AND 47 C.F.R. § 64.1200**
23                                  )   **2. MONETARY RELIEF FOR**
   BALBOA CAPITAL                   )   **VIOLATION OF 47 U.S.C. § 227(B)**
24 CORPORATION,                     )   **AND 47 C.F.R. § 64.1200**
                                    )   **3. INJUNCTIVE RELIEF FOR**
25          Defendant.              )   **VIOLATION OF 47 U.S.C. § 227(B)**
                                    )   **AND 47 C.F.R. § 64.1200**
26                                  )
                                    )   **CLASS ACTION**
27                                  )
                                    )   **DEMAND FOR JURY TRIAL**
28                                  )
                                    )
                                    )

0

1       Plaintiffs Michael A. Vandervort ("Vandervort") and U.S. Sample

2 Services, Inc. ("Sample Services") (individually and collectively, "Plaintiffs"), on

3 behalf of themselves and all others similarly situated, by their attorneys, for their

4 complaint against defendant Balboa Capital Corporation ("Balboa" or

5 "Defendant"), allege as follows:

6 **JURISDICTION AND VENUE**

7      1.     This Court has federal question jurisdiction over this action pursuant

8 to 28 U.S.C. § 1331 because this action is based on the federal Telephone

9 Consumer Protection Act, and regulations thereunder. This Court also has

10 diversity jurisdiction over this action pursuant to 28 U.S.C. § 1332 because, upon

11 information and belief, the matter in controversy concerning the TCPA exceeds

12 $5,000,000, exclusive of interest and costs, involves thousands of class members

13 and is a class action in which at least one member of the class, including the two

14 named Plaintiffs, is a citizen of a state different from the state of which Defendant

15 is a citizen.

16      2.     Venue in this judicial district is proper pursuant to 28 U.S.C. §§

17 1391(a)(2) and 1391(b)(2) because, upon information and belief, a substantial

18 part of the events or omissions giving rise to the claims in this case occurred in

19 this judicial district.

20 **THE PARTIES**

21      3.     Plaintiff Vandervort is a resident of the State of Ohio.

22      4.     Plaintiff Sample Services is a corporation organized under the laws

23 of the State of Ohio, with its principal place of business located at 171 Pleasant

24 Avenue, Geneva, Ohio 44041.

25      5.     Defendant Balboa is a corporation organized under the laws of the

26 State of California, with its principal place of business located at 2010 Main

27 Street, Suite 1150, Irvine, California 92614.

28

1

## FACTS UNDERLYING THIS COMPLAINT

2      6.      Plaintiffs bring this action against Defendant for violating the

3    Telephone Consumer Protection Act, 47 U.S.C. § 227 (the "TCPA"), and the

4    regulations promulgated thereunder. Congress enacted the TCPA in 1991 to

5    prevent the faxing of unsolicited advertisements to persons who had not provided

6    express invitation or permission to receive such faxes. Congress believed that

7    unsolicited fax advertisements improperly shift advertising costs to unwilling fax

8    recipients and interfere with the use of fax machines by those recipients, who are

9    consumers and businesses. Regulations enacted pursuant to the TCPA also

10   prohibit the sending of solicited fax advertisements that do not contain proper

11   opt-out notices.

12     7.      Upon information and belief, on or about May 21, 2011, Defendant,

13   without Plaintiffs' express invitation or permission, arranged for and/or caused a

14   telephone facsimile machine, computer, or other device to send an unsolicited fax

15   advertisement (the "fax advertisement"), advertising the commercial availability

16   or quality of property, goods, or services, to Plaintiffs at Sample Services' fax

17   machine located in Geneva, Ohio. A copy of the unsolicited fax advertisement is

18   attached as Exhibit 1 and is incorporated by reference.

19     8.      The fax advertisement attached as Exhibit 1 was wholly unsolicited

20   in that it was sent to Plaintiffs by Defendant without Plaintiffs' express invitation

21   or permission.

22     9.      The fax advertisement contains a notice at the bottom that purports

23   to permit individuals to remove themselves from Defendant's fax advertising list.

24   The notice states: "To opt out from future faxes, go to

25   www.removemyfaxnumber.com and enter PIN #1461 or call 877-284-7885. The

26   recipient may make a request to the sender not to send any future faxes and that

27   failure to comply within 30 days is unlawful."

28     10.     The notice on the fax advertisement does not satisfy the requirements

2

COMPLAINT

1  of 47 U.S.C. § 227(b)(2)(D) because, among other things, the notice (A) does not
2  provide a facsimile machine number to which the recipient may transmit such an
3  opt-out request; (B) does not state that a person's request to opt out of future fax
4  advertising will be effective only if the request identifies the telephone number or
5  numbers of the telephone facsimile machine or machines to which the request
6  relates; and (C) does not state that such an opt-out request will be effective so
7  long as the person making the request does not, subsequent to such request,
8  provide express invitation or permission to the sender, in writing or otherwise, to
9  send such advertisements to such person at his or her telephone facsimile
10 machine.

11      11.    The notice on the fax advertisement also does not satisfy the
12 requirements of 47 C.F.R. § 64.1200 (a)(3)(iii) because, among other things, the
13 notice (A) does not provide a facsimile machine number to which the recipient
14 may transmit such an opt-out request; (B) does not state that a person's request to
15 opt out of future fax advertising will be effective only if the request identifies the
16 telephone number or numbers of the telephone facsimile machine or machines to
17 which the request relates; and (C) does not state that such an opt-out request will
18 be effective so long as only if the person making the request does not, subsequent
19 to such request, provide express invitation or permission to the sender, in writing
20 or otherwise, to send such advertisements to such person at his or her telephone
21 facsimile machine.

22      12.    Upon information and belief, Defendant has, from four years prior to
23 the date of the filing of the instant Complaint through the present, either
24 negligently or willfully and/or knowingly sent and/or arranged to be sent more
25 than 10,000 *unsolicited* fax advertisements, advertising the commercial
26 availability or quality of property, goods, or services, to fax machines and/or
27 computers belonging to thousands of persons all over the United States. Upon
28 information and belief, those facsimile advertisements contained a notice at the

1  bottom identical or substantially similar to that contained on the fax
2  advertisement sent to Plaintiffs.

3       13.    Upon information and belief, Defendant has, from four years prior to
4  the date of the filing of the instant Complaint through the present, either
5  negligently or willfully and/or knowingly sent and/or arranged to be sent more
6  than 10,000 *unsolicited and/or solicited* fax advertisements, advertising the
7  commercial availability or quality of property, goods, or services, to fax machines
8  and/or computers belonging to thousands of persons all over the United States.
9  Upon information and belief, those facsimile advertisements contained a notice at
10 the bottom identical or substantially similar to that contained on the fax
11 advertisement sent to Plaintiffs.

12            **THE TELEPHONE CONSUMER PROTECTION ACT AND**
13                    **REGULATIONS THEREUNDER**

14      14.    The Telephone Consumer Protection Act of 1991, Pub. L. 102-243,
15 § 3(a), added Section 227 to Title 47 of the United States Code, 47 U.S.C. § 227.
16 In pertinent part, 47 U.S.C. § 227(b) provides that "[i]t shall be unlawful for any
17 person within the United States, or any person outside the United States if the
18 recipient is within the United States . . . to use any telephone facsimile machine,
19 computer, or other device to send an unsolicited advertisement to a telephone
20 facsimile machine[.]" 47 C.F.R. § 64.1200(a), a regulation prescribed under 47
21 U.S.C. § 227(b) and effective as of December 20, 1992, provides in pertinent part
22 that "[n]o person may . . . [u]se a telephone facsimile machine, computer, or other
23 device to send an unsolicited advertisement to a telephone facsimile machine."

24      15.    As used in both 47 U.S.C. § 227 and 47 C.F.R. § 64.1200, "[t]he
25 term 'unsolicited advertisement' means any material advertising the commercial
26 availability or quality of any property, goods, or services which is transmitted to
27 any person without that person's prior express invitation or permission." 47
28 U.S.C. § 227(a)(4); 47 C.F.R. § 64.1200(f)(5).

16.    47 U.S.C. § 227(b)(1)(C)(iii) further provides that it is unlawful to send an unsolicited facsimile advertisement unless, among other things, the unsolicited facsimile advertisement contains a notice meeting the requirements set forth in 47 U.S.C. § 227(b)(2)(D), which in turn provides that:

a notice contained in an unsolicited advertisement complies with the requirements under this subparagraph only if--

(i) the notice is clear and conspicuous and on the first page of the unsolicited advertisement;

(ii) the notice states that the recipient may make a request to the sender of the unsolicited advertisement not to send any future unsolicited advertisements to a telephone facsimile machine or machines and that failure to comply, within the shortest reasonable time, as determined by the Commission, with such a request meeting the requirements under subparagraph (E) is unlawful;

(iii) the notice sets forth the requirements for a request under subparagraph (E);

(iv) the notice includes--

(I) a domestic contact telephone and facsimile machine number for the recipient to transmit such a request to the sender; and

(II) a cost-free mechanism for a recipient to transmit a request pursuant to such notice to the sender of the unsolicited advertisement; the Commission shall by rule require the sender to provide such a mechanism and may, in the discretion of the Commission and subject to such conditions as the Commission may prescribe, exempt certain classes of small business senders, but only if the Commission determines that

1        the costs to such class are unduly burdensome given the

2        revenues generated by such small businesses;

3      (v) the telephone and facsimile machine numbers and the cost-

4  free mechanism set forth pursuant to clause (iv) permit an individual

5  or business to make such a request at any time on any day of the

6  week; and

7      (vi) the notice complies with the requirements of subsection

8  (d) of [47 U.S.C. § 227].

9    17.   47 C.F.R. § 64.1200(a)(3) provides that no person or entity may:

10  Use a telephone facsimile machine, computer, or other device to

11  send an unsolicited advertisement to a telephone facsimile machine,

12  unless--:

13                 *     *     *

14  (iii) The advertisement contains a notice that informs the recipient of

15  the ability and means to avoid future unsolicited advertisements. A

16  notice contained in an advertisement complies with the requirements

17  under this paragraph only if--

18      (A) The notice is clear and conspicuous and on the first page

19      of the advertisement;

20      (B) The notice states that the recipient may make a request to

21      the sender of the advertisement not to send any future

22      advertisements to a telephone facsimile machine or machines

23      and that failure to comply, within 30 days, with such a request

24      meeting the requirements under paragraph (a)(3)(v) of this

25      section is unlawful;

26      (C) The notice sets forth the requirements for an opt-out

27      request under paragraph (a)(3)(v) of this section;

28      (D) The notice includes--

(1) A domestic contact telephone number and facsimile machine number for the recipient to transmit such a request to the sender; and

(2) If neither the required telephone number nor facsimile machine number is a toll-free number, a separate cost-free mechanism including a Web site address or e-mail address, for a recipient to transmit a request pursuant to such notice to the sender of the advertisement. A local telephone number also shall constitute a cost-free mechanism so long as recipients are local and will not incur any long distance or other separate charges for calls made to such number; and

(E) The telephone and facsimile numbers and cost-free mechanism identified in the notice must permit an individual or business to make an opt-out request 24 hours a day, 7 days a week.

18.     47 C.F.R. § 64.1200(a)(3)(iv) further provides that "[a] facsimile advertisement that is sent to a recipient that has provided prior express invitation or permission to the sender must include an opt-out notice that complies with the requirements in paragraph (a)(3)(iii) of this section."

19.     47 U.S.C. § 227(b)(3) provides:

Private right of action

A person or entity may, if otherwise permitted by the laws or rules of court of a State, bring in an appropriate court of that State --

(A) an action based on a violation of this subsection or the regulations prescribed under this subsection to enjoin such violation,

(B) an action to recover for actual monetary loss from such a violation, or to receive $500 in damages for each such

7

1    violation, whichever is greater, or

2    (C) both such actions.

3    If the court finds that the defendant willfully or knowingly violated

4    this subsection or the regulations prescribed under this subsection,

5    the court may, in its discretion, increase the amount of the award to

6    an amount equal to not more than 3 times the amount available under

7    subparagraph (B) of this paragraph.

8    20.    47 U.S.C. § 312(f)(1) provides that "[t]he term 'willful,' when used

9    with reference to the commission or omission of any act, means the conscious and

10   deliberate commission or omission of such act, irrespective of any intent to

11   violate any provision of [the chapter under which 47 U.S.C § 227 falls] or any

12   rule or regulation of the Commission authorized by [the chapter under which 47

13   U.S.C § 227 falls] or by a treaty ratified by the United States."

14                    **CLASS ACTION ALLEGATIONS**

15   21.    Plaintiffs bring this class action on behalf of themselves and all

16   others similarly situated pursuant to Rule 23 of the Federal Rules of Civil

17   Procedure.

18   22.    Statutory Reference. This litigation is properly maintainable as a

19   class action pursuant to Rules 23(b)(1)(A), 23(b)(2) and 23(b)(3).

20   23.    Definition of the Proposed Class. Plaintiffs seek to represent two

21   classes of individuals (the "Classes") defined as follows:

22        Class A: All persons from four years prior to the date of the filing of

23   the instant Complaint through the present to whom Defendant sent or caused to be

24   sent an *unsolicited* facsimile advertisement that advertised the commercial

25   availability or quality of any property, goods, or services, and contained an opt-

26   out notice identical or substantially similar to that contained on the facsimile

27   advertisement attached as Exhibit 1.

28

1            Class B: All persons from four years prior to the date of the filing of
2    the instant Complaint through the present to whom Defendant sent or caused to be
3    sent a *solicited or unsolicited* facsimile advertisement that advertised the
4    commercial availability or quality of any property, goods, or services, and
5    contained an opt-out notice identical or substantially similar to that contained on
6    the facsimile advertisement attached as Exhibit 1.

7        24.   Approximate Size of the Proposed Class: Upon information and
8    belief there are, at a minimum, thousands of class members of Classes A and B.
9    Upon information and belief, the Classes' sizes and the identities of the individual
10   members thereof are ascertainable through Defendant's records, including, but
11   not limited to, Defendant's fax and marketing records. The Classes are so
12   numerous that joinder of all individual members in one action would be
13   impracticable. The disposition of the individual claims of the respective class
14   members through this class action will benefit both the parties and this Court.

15       25.   Adequacy of Representation: Plaintiffs are adequate representatives
16   of the Classes because Plaintiffs' interests do not conflict with the interests of the
17   members of the Classes. Plaintiffs will fairly, adequately and vigorously represent
18   and protect the interests of the members of the Classes and have no interests
19   antagonistic to the members of the Classes. Plaintiffs have retained counsel who
20   are competent and experienced in litigation in the federal courts, TCPA litigation
21   and class action litigation.

22       26.   Commonality of Questions of Fact and Law: There is a well-defined
23   community of common questions of fact and law affecting the Plaintiffs and
24   members of the Classes. The questions of fact and law common to Plaintiffs and
25   Class A predominate over questions that may affect individual members, and
26   include:

27           (a) Whether Defendant's conduct of sending and/or causing to be sent to
28               Plaintiffs and the members of Class A fax advertisements without

1     Plaintiffs' and members of Class A's express invitation or permission,

2     which advertised the commercial availability or quality of any property,

3     goods, or services and which contained an opt-out notice that was identical

4     or substantially similar to the opt-out notice contained in the fax attached as

5     Exhibit 1, by facsimile, computer or other device, violated 47 U.S.C. §

6     227(b) and/or the regulations thereunder;

7     (b) Whether Defendant's conduct of sending and/or causing to be sent to

8     Plaintiffs and the members of Class A unsolicited fax advertisements,

9     which advertised the commercial availability or quality of property, goods,

10     or services and which contained an opt-out notice that was identical or

11     substantially similar to the opt-out notice contained in the fax attached as

12     Exhibit 1, by facsimile, computer or other device, was knowing or willful;

13     (c) Whether Plaintiffs and the members of Class A are entitled to statutory

14     damages, triple damages and costs for Defendant's acts and conduct; and

15     (d) Whether Plaintiffs and members of Class A are entitled to a permanent

16     injunction enjoining Defendant from continuing to engage in their unlawful

17     conduct.

18     27.     The questions of fact and law common to Plaintiffs and Class B

19   predominate over questions which may affect individual members and include:

20     (a) Whether Defendant's conduct of sending and/or causing to be sent to

21     Plaintiffs and the members of Class B fax advertisements, which advertised

22     the commercial availability or quality of property, goods, or services and

23     which contained an opt-out notice that was identical or substantially similar

24     to the opt-out notice contained in the fax attached as Exhibit 1, by

25     facsimile, computer or other device, violated 47 U.S.C. § 227(b);

26     (b) Whether Defendant's conduct of sending and/or causing to be sent to

27     Plaintiffs and the members of Class B fax advertisements, which advertised

28     the commercial availability or quality of property, goods, or services and

1    which contained an opt-out notice that was identical or substantially similar

2    to the opt-out notice contained in the fax attached as Exhibit 1, by

3    facsimile, computer or other device, was knowing or willful;

4    (c) Whether Plaintiffs and the members of Class B are entitled to statutory

5    damages, triple damages and costs for Defendant's acts and conduct; and

6    (d) Whether Plaintiffs and members of Class B are entitled to a permanent

7    injunction enjoining Defendant from continuing to engage in its unlawful

8    conduct.

9    28.    Typicality of Claims and Defenses: Plaintiffs' claims are typical of

10 the claims of the members of Class A. The claims of the Plaintiffs and members

11 of Class A are based on the same legal theories and arise from the same unlawful

12 conduct. Plaintiffs and members of Class A each received at least one fax

13 advertisement advertising the commercial availability or quality of any property,

14 goods, or services, which contained an opt-out notice that was identical or

15 substantially similar to the opt-out notice contained in the fax attached as Exhibit

16 1, and which Defendant sent or caused to be sent without Plaintiff's and the

17 members of Class A's express permission or invitation.

18    29.    Plaintiffs' claims also are typical of the claims of the members of

19 Class B. The claims of the Plaintiffs and members of Class B are based on the

20 same legal theories and arise from the same unlawful conduct. Plaintiffs and

21 members of Class B each received at least one fax advertisement, advertising the

22 commercial availability or quality of any property, goods, or services which

23 contained an opt-out notice that was identical or substantially similar to the opt-

24 out notice contained in the fax attached as Exhibit 1.

25    30.    Nature of required/contemplated notice to the proposed class:

26 Members of the Classes may be notified of the pendency of this action by

27 techniques and forms commonly used in class actions, such as by published

28 notice, e-mail notice, website notice, fax notice, first class mail, or combinations

1   thereof, or by other methods suitable to this class and deemed necessary and/or
2   appropriate by the Court.

3        31.    Additional allegations supporting Fed. R. Civ. P. 23(b)(3) Class
4   Action: In addition to the foregoing allegations regarding common questions of
5   law and fact that support this action proceeding as a class action pursuant to Rule
6   23(b)(3), a class action pursuant to Rule 23(b)(3) is superior to other available
7   means for the fair and efficient adjudication of the claims of the Classes. While
8   the aggregate damages which may be awarded to the members of the Classes are
9   likely to be substantial, the damages suffered by individual members of the
10  Classes are relatively small. As a result, the expense and burden of individual
11  litigation makes it economically unfeasible and procedurally impracticable for
12  each member of the Classes to individually seek redress for the wrongs done to
13  him, her or it. The likelihood that the individual members of the Classes will
14  prosecute separate claims is remote. Individual litigation also would present the
15  potential for varying, inconsistent or contradictory judgments, and would increase
16  the delay and expense to all parties and the court system resulting from multiple
17  trials of the same factual issues. Plaintiffs do not know of any other litigation
18  concerning this controversy already commenced against Defendant by any
19  member of the Classes. In contrast, the conduct of this matter as a class action
20  presents fewer management difficulties, conserves the resources of the parties and
21  the court system, and would protect the rights of each member of the Classes.
22  Plaintiffs know of no difficulty to be encountered in the management of this
23  action that would preclude its maintenance as a class action.

24       32.    Injunctive Relief: Defendant has acted on grounds generally
25  applicable to Plaintiffs and members of the Classes, thereby making appropriate
26  final injunctive relief with respect to Plaintiffs and the Classes as a whole.

27

28

1    **FIRST CLAIM FOR MONETARY RELIEF FOR VIOLATION OF**
2    **47 U.S.C. § 227(B) AND 47 C.F.R. § 64.1200**

3        33.   Plaintiffs repeat and reallege all the allegations set forth in
4    paragraphs 1 through 32.

5        34.   By the conduct described above, Defendant committed more than
6    10,000 violations of 47 U.S.C. § 227(b) against Plaintiffs and the members of
7    Class A, to wit: the fax advertisements Defendant sent and/or caused to be sent to
8    Plaintiffs and the members of Class A were unsolicited and did not contain a
9    notice meeting the requirements of 47 U.S.C. § 227(b)(2)(D) and/or 47 C.F.R. §
10   64.1200(a)(3)(iii);

11       35.   By reason of the Defendant's violations of 47 U.S.C. § 227(b) and
12   47 C.F.R. § 64.1200(a)(3)(iii), Plaintiffs and the members of Class A are entitled
13   to statutory damages under 47 U.S.C. § 227(b) in an amount greater than
14   $5,000,000 from Defendant.

15       36.   If it is found that Defendant willfully and/or knowingly sent and/or
16   caused to be sent unsolicited fax advertisements that did not contain a notice
17   meeting the requirements of 47 U.S.C. § 227(b)(2)(D) and/or 47 C.F.R. §
18   64.1200(a)(3)(iii) to Plaintiffs and the members of Class A, Plaintiffs and Class A
19   are entitled to a tripling of the statutory damage award against Defendant.

20   **SECOND CLAIM FOR MONETARY RELIEF FOR VIOLATION OF**
21   **47 U.S.C. § 227(B) AND 47 C.F.R. § 64.1200**

22       37.   Plaintiffs repeat and reallege all the allegations set forth in
23   paragraphs 1 through 32.

24       38.   By the conduct described above, Defendant committed more than
25   10,000 violations of 47 U.S.C. § 227(b) against Plaintiffs and the members of
26   Class B, to wit: the fax advertisements Defendant sent and/or caused to be sent to
27   Plaintiffs and the members of Class B were either unsolicited and did not contain
28   a notice meeting the requirements of 47 C.F.R. § 64.1200(a)(3)(iii) and/or §

1  227(b)(2)(D) , or were solicited and did not contain a notice meeting the

2  requirements of 47 C.F.R. § 64.1200(a)(3)(iii) as required by 47 C.F.R. §

3  64.1200(a)(3)(iv).

4     39.    By reason of Defendant's violations of 47 U.S.C. § 227(b), 47

5  C.F.R. § 64.1200(a)(3)(iii) and 47 C.F.R. § 64.1200(a)(3)(iv), Plaintiffs and the

6  members of Class B are entitled to statutory damages under 47 U.S.C. § 227(b) in

7  an amount greater than $5,000,000 from Defendant.

8     40.    If it is found that Defendant willfully and/or knowingly sent and/or

9  caused to be sent fax advertisements that did not contain a notice meeting the

10  requirements of 47 C.F.R. § 64.1200(a)(3)(iii) to Plaintiffs and the members of

11  Class B, Plaintiffs are entitled to a tripling of the statutory damage award against

12  Defendant.

13  ## THIRD CLAIM FOR INJUNCTIVE RELIEF FOR VIOLATION OF

14  ## 47 U.S.C. § 227(B) AND 47 C.F.R. § 64.1200

15     41.    Plaintiffs repeat and reallege all the allegations set forth in

16  paragraphs 1 through 40.

17     42.    Upon information and belief, Defendant committed thousands of

18  violations of 47 U.S.C. § 227(b).

19     43.    Under 47 U.S.C. § 227(b)(3)(A), Plaintiffs and the members of the

20  Classes are entitled to an injunction against Defendant prohibiting Defendant

21  from committing further violations of the above-mentioned statutes and

22  regulations.

23  ## PRAYER FOR RELIEF

24     WHEREFORE, Plaintiffs, on behalf of themselves and the members of the

25  Classes, request:

26     A.    an order certifying the Classes, appointing Plaintiffs as the

27  representatives of the Classes, and appointing the law firms representing Plaintiffs

28  as counsel for the Classes;

14

1    B.    on the first and second claims, an award to Plaintiffs and the
2  members of Classes A and B, and against Defendant, of statutory damages in
3  excess of $5,000,000 for each of Classes A and B, pursuant to 47 U.S.C.
4  § 227(b), for Defendant's violations of that statute and the regulations thereunder;

5    C.    on the first and second claims, if it is found that Defendant willfully
6  and/or knowingly sent and/or caused to be sent fax advertisements to Classes A
7  and/or B, a tripling of the award of statutory damages pursuant to 47 U.S.C.
8  § 227(b) to an amount in excess of $15,000,000 for each of Classes A and B
9  against Defendant;

10    D.    on the third claim, an injunction against Defendant prohibiting
11  Defendant from committing further violations of the above-mentioned statutes
12  and regulations;  and

13    E.    such further relief as the Court deems proper.

14  Dated:  October 12, 2011

15

16                                        ROGER FURMAN, ESQ.

17                                        AYTAN BELLIN, ESQ.
18                                        BELLIN & ASSOCIATES LLC

19                                        JOSEPH R. COMPOLI, ESQ.

20

21                                        Attorneys for plaintiffs Michael A.
                                          Vandervort and U.S. Sample
22                                        Services, Inc., on behalf of
                                          themselves and all others similarly
23                                        situated

24

25

26

27

28

1

## DEMAND FOR JURY TRIAL

2     Plaintiffs demand a jury trial on all issues so triable.

3

4     Dated:  October 12, 2011

5

6     _____
      ROGER FURMAN, ESQ.

7
      AYTAN BELLIN. ESQ.
8     BELLIN & ASSOCIATES LLC

9     JOSEPH R. COMPOLI, ESQ.

10
      Attorneys for plaintiffs Michael A.
11    Vandervort and U.S. Sample
      Services, Inc., on behalf of
12    themselves and all others similarly
      situated
13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

₵

17
COMPLAINT

1

| | **To:** Michael Vandervort |
| --- | --- |
| BALBOA CAPITAL | **Company:** U S Sample Services Inc |
| | **Fax number:** 440-466-3411 |
| | **From:** Derek Thomas |
| | **Fax number:** (949) 809-8835 |
| 2010 Main St. 11th Floor | **Date:** 5/21/2010 |
| Irvine, CA 92614 | |
| www.balboacapital.com | **Regarding:** Equipment Leasing |

For more than 22 years, Balboa Capital has been helping thousands of businesses acquire the equipment they need to fuel their growth. Plus, with our **LOWEST PAYMENT PLEDGE** - we guarantee the lowest equipment lease payments, or we'll make your first month's payment for you, up to $500!

Call me or fax back the Quick Quote form below to receive a free quote on your equipment lease and learn why America's small businesses trust Balboa with their equipment financing needs.

### *Quick Quote Request*

**What type of equipment are you interested in leasing?** _____

**What is the equipment cost? $** _____

**What is the lease term you're looking for? (circle one)**
            24 months        36 months        48 months        60 months

**Name:** _____

**Telephone:** _____

**Email:** _____

**(Fax the completed form to 949 809-8835)**

To opt out from future faxes go to www.removemyfaxnumber.com and enter PIN#14641, or call 877-284-7885. The recipient may make a request to the sender not to send any future faxes and that failure to comply with the request within 30 days is unlawful.

18
COMPLAINT

Vandervort

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

## NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

This case has been assigned to District Judge Josephine Tucker and the assigned discovery Magistrate Judge is Jean P. Rosenbluth.

The case number on all documents filed with the Court should read as follows:

### SACV11- 1578 JST (JPRx)

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

All discovery related motions should be noticed on the calendar of the Magistrate Judge

---

### NOTICE TO COUNSEL

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

Subsequent documents must be filed at the following location:

| [ ] Western Division | [X] Southern Division | [ ] Eastern Division |
|---|---|---|
| 312 N. Spring St., Rm. G-8 | 411 West Fourth St., Rm. 1-053 | 3470 Twelfth St., Rm. 134 |
| Los Angeles, CA 90012 | Santa Ana, CA 92701-4516 | Riverside, CA 92501 |

Failure to file at the proper location will result in your documents being returned to you.

---

CV-18 (03/06)          NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

Name & Address:

Aytan Y. Bellin, Esq., Bellin & Associates, 85 Miles
Avenue, White Plains, NY 10606; Joseph R.
Compoli, Jr., Esq., 612 E. 185th St., Cleveland, OH
44119; Roger Furman, Esq., 7485 Henefer Avenue,
Los Angeles, CA 90045

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

MICHAEL A. VANDERVORT and U.S. SAMPLE
SERVICES, INC., on behalf of themselves and all
others similarly situated,

PLAINTIFF(S)

v.

BALBOA CAPITAL CORPORATION,

DEFENDANT(S).

CASE NUMBER

SACV 11-01578 JST (JPR)

**SUMMONS**

TO:  DEFENDANT(S): Balboa Capital Corporation

A lawsuit has been filed against you.

Within __21__ days after service of this summons on you (not counting the day you received it), you
must serve on the plaintiff an answer to the attached ☒ complaint ☐ _____ amended complaint
☐ counterclaim ☐ cross-claim or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer
or motion must be served on the plaintiff's attorney, Roger Furman, Esq. _____, whose address is
7485 Henefer Avenue, Los Angeles, California 90045 _____. If you fail to do so,
judgment by default will be entered against you for the relief demanded in the complaint. You also must file
your answer or motion with the court.

Clerk, U.S. District Court

Dated: ___10/12/11___

By: ___Dwayne Robert___
Deputy Clerk

*(Seal of the Court)*

*[Use 60 days if the defendant is the United States or a United States agency, or is an officer or employee of the United States. Allowed
60 days by Rule 12(a)(3)].*

# UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
## CIVIL COVER SHEET

**I (a) PLAINTIFFS** (Check box if you are representing yourself ☐)
Michael A. Vandervort and U.S. Sample Services, Inc.

**DEFENDANTS**
Balboa Capital Corporation

**(b) Attorneys** (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.)

Aytan Y. Bellin, Bellin & Associates, LLC, 85 Miles Avenue, White Plains, NY 10606 (914) 358-5345; Roger Furman, 7485 Henefer Avenue, Los Angeles, CA 90045 (310) 568-0640; Joseph R. Compoli, Jr., 612 E. 185 St., Cleveland, OH

**Attorneys** (If Known)

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

☐ 1 U.S. Government Plaintiff  ☒ 3 Federal Question (U.S. Government Not a Party)
☐ 2 U.S. Government Defendant  ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** - For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant.)

| | PTF DEF | | PTF DEF |
|---|---|---|---|
| Citizen of This State | ☐1 ☐1 | Incorporated or Principal Place of Business in this State | ☐4 ☐4 |
| Citizen of Another State | ☐2 ☐2 | Incorporated and Principal Place of Business in Another State | ☐5 ☐5 |
| Citizen or Subject of a Foreign Country ☐3 ☐3 | | Foreign Nation | ☐6 ☐6 |

**IV. ORIGIN** (Place an X in one box only.)

☒ 1 Original Proceeding  ☐ 2 Removed from State Court  ☐ 3 Remanded from Appellate Court  ☐ 4 Reinstated or Reopened  ☐ 5 Transferred from another district (specify):  ☐ 6 Multi-District Litigation  ☐ 7 Appeal to District Judge from Magistrate Judge

**V. REQUESTED IN COMPLAINT: JURY DEMAND:** ☒ Yes ☐ No (Check 'Yes' only if demanded in complaint.)

**CLASS ACTION under F.R.C.P. 23:** ☒ Yes ☐ No   ☒ MONEY DEMANDED IN COMPLAINT: $ 30,000,000 plus

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
47 U.S.C. Sec. 227(b). - Defendant transmitted solicited and unsolicited fax advertisements to Plaintiff and the Classes which had deficient opt-out notices

**VII. NATURE OF SUIT** (Place an X in one box only.)

[Nature of suit checkboxes — ☒ 890 Other Statutory Actions]

**FOR OFFICE USE ONLY:** Case Number: SACV 11-01578 JST (JPRx)

AFTER COMPLETING THE FRONT SIDE OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED BELOW.

## UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
### CIVIL COVER SHEET

VIII(a). IDENTICAL CASES: Has this action been previously filed in this court and dismissed, remanded or closed? ☑ No ☐ Yes
If yes, list case number(s): _____

VIII(b). RELATED CASES: Have any cases been previously filed in this court that are related to the present case? ☑ No ☐ Yes
If yes, list case number(s): _____

Civil cases are deemed related if a previously filed case and the present case:

(Check all boxes that apply)   ☐ A. Arise from the same or closely related transactions, happenings, or events; or

☐ B. Call for determination of the same or substantially related or similar questions of law and fact; or

☐ C. For other reasons would entail substantial duplication of labor if heard by different judges; or

☐ D. Involve the same patent, trademark or copyright, and one of the factors identified above in a, b or c also is present.

IX. VENUE: (When completing the following information, use an additional sheet if necessary.)

(a)   List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH named plaintiff resides.
☐   Check here if the government, its agencies or employees is a named plaintiff. If this box is checked, go to item (b).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| | Michael A. Vandervort - Highland County, Ohio <br> U.S. Sample Services, Inc. - Ashtabula County, Ohio |

(b)   List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH named defendant resides.
☐   Check here if the government, its agencies or employees is a named defendant. If this box is checked, go to item (c).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Balboa Capital Corporation - Orange County | |

(c)   List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH claim arose.
Note: In land condemnation cases, use the location of the tract of land involved.

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Orange County | |

* Los Angeles, Orange, San Bernardino, Riverside, Ventura, Santa Barbara, or San Luis Obispo Counties
Note: In land condemnation cases, use the location of the tract of land involved.

X. SIGNATURE OF ATTORNEY (OR PRO PER): _____   Date October 12, 2011

Notice to Counsel/Parties:   The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet.)

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405(g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405(g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. (g)) |