# EXHIBIT 2

Lance A. Brewer CBN 125759
[LBrewer@Brewer-Brewer.com]
BREWER & BREWER
4533 MacArthur Blvd., #707
Newport Beach, CA 92660
Tel: (714) 424-6300
Fax: (714) 424-6313

Attorneys for Defendant
BALBOA CAPITAL CORPORATION

# THE UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA – SOUTHERN DIVISION

| | |
|---|---|
| MICHAEL A. VANDERVORT and U.S. SAMPLE SERVICES, INC., on behalf of themselves and all other similarly situated,<br><br>Plaintiffs,<br>vs.<br><br>BALBOA CAPITAL CORPORATION,<br><br>Defendant. | CASE NO. :SACV 11-01578 JST (JPRx)<br><br>**DEFENDANT BALBOA CAPITAL CORPORATION'S RESPONSE TO PLAINTIFFS' FIRST SET OF INTERROGATORIES** |

PROPOUNDING PARTY: Plaintiffs, Michael A. Vandervort and U.S. Sample Services, Inc.

RESPONDING PARTY: Defendant, Balboa Capital Corporation

SET NO.: One

Defendant Balboa Capital Corporation responds to Plaintiffs' First Set of Interrogatories in accordance with Rule 33 of the Federal Rules of Civil Procedure as follows:

### **GENERAL OBJECTIONS**

Defendant makes the following General Objections to Plaintiff's First Set of Interrogatories to Defendant (the "Interrogatories"). These objections apply to each interrogatory and are incorporated into each interrogatory as if fully set forth therein.

1. Defendant objects to the Interrogatories to the extent that they attempt to impose obligations other than or in addition to the requirements of the Federal Rules of Civil Procedure.

2. Defendant objects to the Interrogatories to the extent that they seek information or material not within the scope of discovery contemplated under the Federal Rules of Civil Procedure.

3. Defendant objects to the Interrogatories to the extent they seek information protected from disclosure by the attorney-client privilege, the work product doctrine, the common interest privilege, or any other applicable privilege or protection from disclosure.

4. Defendant objects to the Interrogatories to the extent that they are vague, ambiguous, or overly broad, seek information that is neither relevant to the subject matter of the pending action nor reasonably calculated to lead to the discovery of admissible evidence.

5. Defendant objects to the Interrogatories to the extent that they purport to require Defendant to respond on behalf of other persons or entities.

6. Defendant's responses to the Interrogatories are based only on such information and documentation as are currently available to it. Defendant reserves the right to amend these responses as additional facts are ascertained, analyses are made, research is completed, and contentions become apparent.

7. By responding to these Interrogatories, Defendant does not in any way adopt Plaintiff's purported definitions of words and phrases contained in this discovery. Defendant objects to those definitions to the extent they are inconsistent with (a) the ordinary and customary meaning of such words and phrases; (b) the rules governing permissible scope of discovery; (c) the definitions set forth by Defendant in its responses.

//
//
//
//
//

## RESPONSES TO INTERROGATORY

**INTERROGATORY NO. 1:**

State the name(s), business address(es), and job title(s) of each and every officer(s), employee(s), or agent(s) of Defendant answering or providing any information used to respond to any of these Interrogatories.

**RESPONSE TO INTERROGATORY NO. 1:**

Patrick Byrne
2010 Main St.
Suite 1150
Irvine, CA 92614
CEO

**INTERROGATORY NO. 2:**

Provide the name, address, telephone number, place of employment and job title of any person who has, claims to have had or whom you believe may have knowledge or information pertaining to any fact alleged in the pleadings (as defined in the Federal Rules of Civil Procedure 7(a)) filed in this action, or any fact underlying any communications or transmission between the parties. As to each such person, state the specific nature and substance of the knowledge that you believe the person(s) identified in your response may have.

**RESPONSE TO INTERROGATORY NO. 2:**

**Objection**. The interrogatory as drafted is vague, ambiguous and unintelligible. Moreover, the request is overbroad and calls for speculation. Without waiving these objections, Defendant states as follows:

Patrick Byrne
2010 Main St.
Suite 1150
Irvine, CA 92614
CEO (has information on company operations, practices, communications and documents)

Jake Dacillo
2010 Main St.
Suite 1150
Irvine, CA 92614
Marketing Director (has information on marketing practices and procedures)

Erica Blundo
2010 Main St.
Suite 1150
Irvine, CA 92614
Marketing Coordinator (has information on marketing practices and procedures).

Upon information and belief, Plaintiff may have knowledge of facts pertaining to the Complaint.

Discovery has just commenced. Defendant reserves the right to supplement its response as additional information is gathered during the discovery process.

**INTERROGATORY NO. 3:**

State the name(s), and address(es) of Defendant's liability insurance carrier(s) for the last four (4) years and the dates of coverage, type, policy numbers) of each liability insurance policy Defendant has maintained at any point during such four-year time period.

**RESPONSE TO INTERROGATORY NO. 3:**

**Objection**. This interrogatory calls for information that is not reasonably calculated to lead to the discovery of admissible, relevant evidence in this matter. Subject to and without waiving these objections, Defendant states as follows: Federal Insurance Company/Chubb Group of Insurance Companies, 15 Mountain View Road, Warren, NJ 07059, effective October 20, 2008 to October 20, 2012, policy number 3532-82-34 WUC, which provides the following types of coverage: property insurance (including building, business personal property, business income, and rental income coverage), and liability insurance (including commercial general liability, advertising injury, personal injury, medical expenses, and rental property damage coverage).

**INTERROGATORY NO. 4:**

List and explain all abbreviations and codes, letters, numerals, or symbols regularly used by Defendant in its records concerning the transmission of facsimiles making known the commercial availability or quality of any property, goods or services of any person or entity, including information used to record contact information with persons or third parties to obtain facsimile numbers for the sending of facsimiles making known the commercial availability or quality of any property, goods or services of any person or entity.

**RESPONSE TO INTERROGATORY NO. 4:**

**Objection**. The interrogatory as drafted is vague and ambiguous and appears to seek information about all facsimiles rather than facsimiles that may have been sent by or on behalf of Defendant. Moreover, the interrogatory assumes that Defendant has records of facsimile transmissions, which it does not.

**INTERROGATORY NO. 5:**

Describe the procedures utilized by Defendant to avoid violating any state or federal law prohibiting the transmission of unsolicited facsimile advertisements, and identify all internal documents regarding Defendant's compliance or non-compliance with any state or federal law prohibiting the transmission of facsimile advertisements.

**RESPONSE TO INTERROGATORY NO. 5:**

**Objection**. The interrogatory improperly calls for a narrative response as well as legal conclusions. The interrogatory also improperly calls for the disclosure of privileged attorney-client communications. Moreover, the interrogatory seeks to combine multiple interrogatories in a single interrogatory. Subject to and without waiving its objections, Defendant responds as follows:

Defendant relied on Pro Fax to ensure that any facsimile transmissions complied with legal requirements. Moreover, any facsimiles that were transmitted were sent to companies or individuals with whom Defendant had an EBR. An opt-out notice was included on each facsimile. Accordingly, all facsimiles that were transmitted complied with federal and state law.

**INTERROGATORY NO. 6:**

As to any facsimile software used by Defendant from October 12, 2007 to November 23, 2011, to send facsimiles making known making known [sic] the commercial availability or quality of any property, goods or services of any person or entity, please state the following;

    (a) The manufacturer of the software;

    (b) The date the software was installed;

(c) Whether the software was updated since installation, with specificity as to the nature of the update, upgrade or version; and

(d) The name of any and all reports (e.g., Audit Trail Report, Asset Search Report, Skip Trace Report, etc.) which Defendant can produce with that software.

**RESPONSE TO INTERROGATORY NO. 6:**

No such software was used by Defendant.

**INTERROGATORY NO. 7:**

State the name address, telephone number of all telephone/communications companies from October 12, 2007 through November 23, 2011, over whose communications lines Defendant sent or caused to be sent facsimiles making known the commercial availability or quality of any property, goods or services of any person or entity.

**RESPONSE TO INTERROGATORY NO. 7:**

**Objection**. The interrogatory is vague and ambiguous and calls for speculation. Subject to and without waiving its objections, Defendant states as follows: No such faxes were sent directly by Defendant, and Defendant does not have any information responsive to this Request with respect to facsimiles that were transmitted by Pro Fax.

**INTERROGATORY NO. 8:**

State how Defendant obtained Plaintiffs' fax number.

**RESPONSE TO INTERROGATORY NO. 8:**

**Objection**. This interrogatory is premature as discovery has just begun. Accordingly, Defendant reserves its right to amend this Response as more information becomes available. Based upon the information currently available, upon information and belief, it appears that Plaintiffs responded to a direct mail campaign and as a result, a sales representative obtained the fax number.

**INTERROGATORY NO. 9:**

State the number of facsimiles making known the commercial availability or quality of any property, goods or services of any person or entity Defendant sent or caused to be sent to

1  Plaintiffs and/or to telephone number 440-466-3411 from October 12, 2007 through
2  November 23, 2011.

**RESPONSE TO INTERROGATORY NO. 9:**

Defendants have no records of sending any facsimiles to the telephone number identified in the interrogatory.

**INTERROGATORY NO. 10:**

State the number of facsimiles making known the commercial availability or quality of any property, goods or services of any person or entity Defendant sent or caused to be sent to persons in the United States from October 12, 2007 through November 23, 2011 using a telephone facsimile machine, computer, or other device.

**RESPONSE TO INTERROGATORY NO. 10:**

While Defendant does not deny that some facsimiles were transmitted during the relevant time frame, it has no records regarding the number sent or who received the facsimiles. Moreover, Defendant only sent facsimiles to individuals or entities with whom it had an existing business relationship.

**INTERROGATORY NO. 11:**

State the number of facsimiles making known the commercial availability or quality of any property, goods for services of any person or entity Defendant sent or caused to be sent to persons in the United States from October 12, 2007 through November 23, 2011, using a telephone facsimile machine, computer, or other device, without the person's express invitation or permission.

**RESPONSE TO INTERROGATORY NO. 11:**

While Defendant does not deny that some facsimiles were transmitted during the relevant time frame, it has no records regarding the number sent or who received the facsimiles. Moreover, Defendant only sent facsimiles to individuals or entities with whom it had an existing business relationship. Accordingly, the response to the interrogatory is 0.

//

**INTERROGATORY NO. 12:**

State the number of facsimiles making known the commercial availability or quality of any property, goods or services of any person or entity Defendant sent or caused to be sent to persons in the United States from October 12, 2007 through November 23, 2011, using a telephone facsimile machine, computer, or other device, that do not contain a notice saying in substance that failure to comply with an opt-out request within 30 days is unlawful.

**RESPONSE TO INTERROGATORY NO. 12:**

While Defendant does not deny that some facsimiles were transmitted during the relevant time frame, it has no records regarding the number sent or who received the facsimiles. In addition, Defendant only sent facsimiles to individuals or entities with whom it had an existing business relationship. Moreover, upon information and belief, any facsimiles that were sent by Defendant contained a compliant opt-out notice. Accordingly, the response to the interrogatory is 0.

**INTERROGATORY NO. 13:**

State the number of facsimiles making known the commercial availability or quality of any property, goods or services of any person or entity Defendant sent or caused to be sent to persons in the United States from October 12, 2007 through November 23, 2011, using a telephone facsimile machine, computer, or other device, that do not contain both (a) a domestic telephone number and (b) a facsimile machine number to permit an individual or business to make a request 24 hours a day, 7 days a week to the sender not to send any future faxes to a telephone facsimile machine or machines.

**RESPONSE TO INTERROGATORY NO. 13:**

While Defendant does not deny that some facsimiles were transmitted during the relevant time frame, it has no records regarding the number sent or who received the facsimiles. Moreover, Defendant only sent facsimiles to individuals or entities with whom it had an existing business relationship. Moreover, upon information and belief, each facsimile contained a domestic phone number and facsimile number that allowed a recipient to opt out. Indeed

1  Plaintiffs exercised their right to opt out of future faxes and that request was honored.
2  Accordingly, the response is 0.

3  **INTERROGATORY NO. 14:**

4  State the number of facsimiles making known the commercial availability or quality of
5  any property, goods or services of any person or entity Defendant sent or caused to be sent to
6  persons in the United States from October 12, 2007 through November 23, 2011, using a
7  telephone facsimile machine, computer, or other device that do not contain a toll free domestic
8  telephone number, a toll free facsimile number or e-mail address to permit an individual or
9  business to make a request 24 hours a day, 7 days a week to the sender not to send any future
10 faxes to a telephone facsimile machine or machines.

11 **RESPONSE TO INTERROGATORY NO. 14:**

12 While Defendant does not deny that some facsimiles were transmitted during the relevant
13 time frame, it has no records regarding the number sent or who received the facsimiles.
14 Moreover, Defendant only sent facsimiles to individuals or entities with whom it had an existing
15 business relationship. Moreover, upon information and belief, each facsimile contained a
16 domestic phone number, a facsimile number and a website that allowed a recipient to opt out.
17 Indeed Plaintiffs exercised their right to opt out of future faxes and that request was honored.
18 Accordingly, the response is 0.

19 **INTERROGATORY NO. 15:**

20 State the number of facsimiles making known the commercial availability or quality of
21 any property, goods or services of any person or entity that Defendant transmitted or caused to
22 be transmitted from October 12, 2007 through November 23, 2011 that do not contain a notice
23 stating that any request by the fax recipient to the sender of such fax not to send any future faxes
24 to a telephone facsimile machine or machines must identify the telephone number or numbers of
25 the telephone facsimile machine or machines to which the request relates.

26 //
27 //
28

**RESPONSE TO INTERROGATORY NO. 15:**

While Defendant does not deny that some facsimiles were transmitted during the relevant time frame, it has no records regarding the number sent or who received the facsimiles. Moreover, Defendant only sent facsimiles to individuals or entities with whom it had an existing business relationship. Every facsimile contained a notice to the recipient to go to a website to opt out. That website then requested the relevant telephone or facsimile numbers associated with the opt out request.

**INTERROGATORY NO. 16:**

State the number of facsimiles making known the commercial availability or quality of any property, goods or services of any person or entity that Defendant transmitted or caused to be transmitted from October 12, 2007 to November 23, 2011, that do not contain a notice stating that any request by the fax recipient to the sender of such fax not to send any future faxes to a telephone facsimile machine or machines must contain a statement that the person making such request has not, subsequent to such request, provided express invitation or permission to the sender, in writing or otherwise, to send such faxes to such person at such telephone facsimile machines.

**RESPONSE TO INTERROGATORY NO. 16:**

**Objection.** The request is vague and ambiguous. Subject to and without waiving these objections, Defendant states as follows: while Defendant does not deny that some facsimiles were transmitted during the relevant time frame, it has no records regarding the number sent or who received the facsimiles. Moreover, Defendant only sent facsimiles to individuals or entities with whom it had an existing business relationship. Upon information and belief, each facsimile contained a compliant opt out notice and therefore, the response is 0.

**INTERROGATORY NO. 17:**

State the number of facsimiles making known the commercial availability or quality of any property, goods or services of any person or entity that Defendant transmitted or caused to be transmitted from October 12, 2007 through November 23, 2011 that did not contain a notice

stating that a request not to send future facsimiles making known the commercial availability or quality of any property, goods or services of any person or entity will be honored only if it is made to the telephone number, facsimile number, Web site address or e-mail address identified in the sender's facsimile.

**RESPONSE TO INTERROGATORY NO. 17:**

While Defendant does not deny that some facsimiles were transmitted during the relevant time frame, it has no records regarding the number sent or who received the facsimiles. Moreover, Defendant only sent facsimiles to individuals or entities with whom it had an existing business relationship. Upon information and belief, each facsimile contained a compliant opt out notice and therefore, the response is 0.

**INTERROGATORY NO. 18:**

State the number of facsimiles making known the commercial availability or quality of any property, goods or services of any person or entity that Defendant transmitted or caused to be transmitted from October 12, 2007 through November 23, 2011 that do not clearly mark in a margin at the top or bottom the page both (a) the name of the business sending the fax and (b) the telephone number of the sending machine.

**RESPONSE TO INTERROGATORY NO. 18:**

While Defendant does not deny that some facsimiles were transmitted during the relevant time frame, it has no records regarding the number sent or who received the facsimiles. Moreover, Defendant only sent facsimiles to individuals or entities with whom it had an existing business relationship. Facsimiles were transmitted by Pro Fax. Defendant currently has no information regarding any information that may have been printed in the header and footer of facsimiles that were transmitted. In addition, Defendant has no information regarding settings on recipients' machines or computers which may alter or remove such information.

//
//
//

**INTERROGATORY NO. 19:**

State the name, address, and telephone number of any third party(ies) that, on behalf of Defendant, sent facsimiles making known the commercial availability or quality of any property goods or services of any person or entity.

**RESPONSE TO INTERROGATORY NO. 19:**

Pro Fax, Inc., 20 Max Avenue, Hicksville, NY 11801 (516) 942-8000.

**INTERROGATORY NO. 20:**

State how fax numbers were obtained, other than Plaintiffs' fax number, to which Defendant transmitted or caused to be transmitted facsimiles making known the commercial availability or quality of any property, goods or services of any person or entity during the period from October 12, 2007 to November 23, 2011.

**RESPONSE TO INTERROGATORY NO. 20:**

**Objection**. The interrogatory is vague and ambiguous. It also calls for speculation. Subject to and without waiving these objections, Defendant states as follows: While Defendant does not deny that some facsimiles were transmitted during the relevant time frame, it has no records regarding the number sent or who received the facsimiles. Moreover, Defendant only sent facsimiles to individuals or entities with whom it had an existing business relationship. Because Defendant has no information regarding which entities other than Plaintiffs allegedly received facsimiles, it cannot respond to the interrogatory.

**INTERROGATORY NO. 21:**

State the names, addresses, telephone numbers, facsimile numbers, and any other identifying information for the persons to whom you sent facsimiles making known the commercial availability or quality of any property, goods or services of any person or entity during the period from October 12, 2007 to November 23, 2011.

**RESPONSE TO INTERROGATORY NO. 21:**

**Objection**. The interrogatory is vague and ambiguous. It also calls for speculation. Subject to and without waiving these objections, Defendant states as follows: While Defendant does not

deny that some facsimiles were transmitted during the relevant time frame, it has no records regarding the number sent or who received the facsimiles. Moreover, Defendant only sent facsimiles to individuals or entities with whom it had an existing business relationship. Because Defendant has no information regarding which entities other than Plaintiffs allegedly received facsimiles, it cannot respond to the interrogatory.

**INTERROGATORY NO. 22:**

For each person to whom Defendant sent a facsimiles making known the commercial availability or quality of any property, goods or services of any person or entity during the period from October 12, 2007 to November 23, 2011, state whether the person consented to receiving such faxes transmitted by Defendant, and if so, how such consent was given and to whom such consent was given.

**RESPONSE TO INTERROGATORY NO. 22:**

**Objection.** The interrogatory is vague and ambiguous. It also calls for speculation. Subject to and without waiving these objections, Defendant states as follows: While Defendant does not deny that some facsimiles were transmitted during the relevant time frame, it has no records regarding the number sent or who received the facsimiles. Moreover, Defendant only sent facsimiles to individuals or entities with whom it had an existing business relationship. Because Defendant has no information regarding which entities other than Plaintiffs allegedly received facsimiles, it cannot respond to the interrogatory.

**INTERROGATORY NO. 23:**

Describe the manner or method by which you retain or compile evidence of records of consent to send facsimiles making known the commercial availability or quality of any property, goods or services of any person or entity.

**RESPONSE TO INTERROGATORY NO. 23:**

**Objection.** The interrogatory is vague and ambiguous. Subject to and without waiving these objections, Defendant states as follows: Defendant maintains a confidential database of customers and prospective customers. Once a prospective customer expresses an interest in

13
**RESPONSES TO INTERROGATORIES**

Defendant's products or services, the customer is assigned to a sales representative. Sales representatives obtain contact information, including facsimile numbers, directly from customers and prospective customers. As set forth above, Defendant only sent facsimiles to entities with which it had an existing business relationship.

**INTERROGATORY NO. 24:**

For each person to whom Defendant sent facsimiles making known the commercial availability or quality of any property, goods or services of any person or entity during the period from October 12, 2007 to November 23, 2011, state whether the person had a prior existing business relationship with Defendant and the basis for your contention that there was a prior established business relationship with Defendant.

**RESPONSE TO INTERROGATORY NO. 24:**

While Defendant does not deny that some facsimiles were transmitted during the relevant time frame, it has no records regarding the number sent or who received the facsimiles. Moreover, Defendant only sent facsimiles to individuals or entities with whom it had an existing business relationship. Facsimiles were not used for marketing to companies or entities with whom no existing business relationship existed. In addition, company records indicate that Plaintiffs, who allege that they received a facsimile from Defendant, responded to a direct mail inquiry and requested information about Defendant's products and services.

**INTERROGATORY NO. 25:**

State the captions, case numbers, courts or administrative tribunals, and results of any private or government litigations, proceedings or actions that have been filed against Defendant seeking damages and/or seeking injunctive relief for alleged violations of 47 U.S.C. § 227(b)(1)(C) and/or 47 C.F.R. § 64.1200(a)(3) or any similar state or local law.

**RESPONSE TO INTERROGATORY NO. 25:**

**Objection.** This interrogatory seeks information not reasonably calculated to lead to the discovery of admissible relevant evidence. Subject to this objection, Defendant refers Plaintiffs

to records publicly available in <u>Mokrytzky v. Balboa Capital Corp.</u>, Case No. 10-CV-733370 (Cuyahoga County Ohio Court of Common Pleas).

Dated: March 19, 2012

BREWER & BREWER

Lance A. Brewer
Attorneys for Defendant
BALBOA CAPITAL CORPORATION

# PROOF OF SERVICE

STATE OF CALIFORNIA, COUNTY OF ORANGE

I am a resident of and am employed in the aforesaid County, and State of California; I am over the age of eighteen years and not a party to the within action; my business address is 4533 MacArthur Boulevard, Suite 707, Newport Beach, California 92660.

On March 19, 2012, I served the following documents:

**DEFENDANT BALBOA CAPITAL CORPORATION'S RESPONSE TO PLAINTIFFS' FIRST SET OF INTERROGATORIES**

upon all interested parties as follows:

__XX__ **(BY MAIL)** by enclosing a true copy of said documents in an envelope with postage thereon fully prepaid in the United States mail, addressed as set forth below. I am aware of this firm's practice with regard to mailing; as a normal course of business, documents directed for mailing as herein described are done so that same day.

Roger Furman, Esq.
7485 Henefer Avenue
Los Angeles, California 90045

I hereby certify that I am employed in the office of a member of the Bar of this Court at whose direction the service was made. I declare under the penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on March 19, 2012, at Costa Mesa, California.

By: _Laura C. Deniger_
Laura C. Deniger
Declarant