AYTAN Y. BELLIN (admitted *pro hac vice*)
AYTAN.BELLIN@BELLINLAW.COM
BELLIN & ASSOCIATES, LLC
85 Miles Avenue
White Plains, New York  10606
Telephone:  (914) 358-5345
Facsimile:   (212) 571-0284

JOSEPH R. COMPOLI, JR.
(admitted *pro hac vice*)
josephcompoli@sbcglobal.net
612 East 185th Street
Cleveland, Ohio  44119
Telephone:  (216) 481-6700
Facsimile:   (216) 481-1047

ROGER FURMAN (State Bar No. 149570)
roger.furman@yahoo.com
7485 Henefer Avenue
Los Angeles, California  90045
Telephone:  (310) 568-0640
Facsimile:   (310) 694-9083

Attorneys for Plaintiffs Michael A. Vandervort and U.S. Sample Services, Inc.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA, SOUTHERN DIVISION

| | |
|---|---|
| MICHAEL A. VANDERVORT and U.S. SAMPLE SERVICES, INC., on behalf of themselves and all others similarly situated,<br><br>             Plaintiffs,<br><br>vs.<br><br>BALBOA CAPITAL CORPORATION,<br><br>             Defendant. | Case No.:  SACV 11-1578-JST(JPRx)<br>Hon. Josephine Staton Tucker<br><br>**PLAINTIFFS' OPPOSITION TO DEFENDANT'S EX PARTE APPLICATION TO EXTEND SUMMARY JUDGMENT DEADLINES** |

Plaintiffs Michael A. Vandervort and U.S. Sample Services submit this opposition to the belated ex parte application filed by defendant Balboa Capital Corporation ("Balboa") to extend by one month the summary judgment deadlines imposed by this Court's January 31, 2012 scheduling order. A copy of the Court's scheduling order (together with the Court's subsequent minute order rescheduling the date of the final pretrial conference) is attached as Exhibit 1.

## I.   PROCEDURAL HISTORY

According to Balboa, the event precipitating this application is the parties' agreement on October 28-29, 2012 to postpone a mediation originally scheduled for October 30, 2012 until November 9, 2012.[1] In accordance with the Court's scheduling order, both sides' summary judgment moving papers will be due on November 16, 2012.[2]

When the parties agreed to the short postponement of the mediation, Balboa's counsel proposed trying to put off the summary judgment deadlines, urging that if the parties are in fact able to settle at the November 9, 2012 mediation, delaying the deadlines will enable them to avoid incurring the expense of beginning to prepare their summary judgment papers before that mediation

---

[1] Balboa disingenuously asserts that the original mediation date "had to be postponed by lead counsel for Plaintiffs, Aytan Y. Bellin, Esq., because hurricane Sandy blocked his ability to travel [from New York City] to California for the mediation." The more honest statement of the facts is that, notwithstanding Mr. Bellin's proposal that the parties postpone the mediation because of the impending hurricane, Balboa's lead counsel stated that "I would prefer that we move forward" with the original mediation date until she realized two days later that Hurricane Sandy would also prevent her from travelling from Cleveland through Baltimore to California – at which point she became all in favor of postponing the mediation.

[2] The November 16, 2012 deadline for filing moving papers is 28 days before December 14, 2012, which is the last Friday hearing date before the December 17, 2012 motion hearing cutoff date set in the Court's scheduling order. (Exh. 1).

1  date.  In response, plaintiffs' counsel promptly informed Balboa's counsel by
2  email on October 30, 2012 (attached as Exhibit 2) that plaintiffs were
3  uncomfortable asking the Court to again extend motion deadlines set by the
4  scheduling order – in this instance just because a mediation had been postponed
5  for ten days.  Nevertheless, plaintiffs' counsel indicated that plaintiffs would not
6  oppose any application to extend the last summary judgment hearing date one
7  week, from Friday, December 14, 2012 to Friday, December 21, 2012, roughly
8  corresponding to the ten-day delay in the mediation date.  However, on the same
9  day, October 30, Balboa's counsel rejected that counter-proposal, and indicated
10 that Balboa would just go ahead and file an ex parte application to extend the
11 hearing deadline to a date in January 2013.

12     Balboa's counsel then did nothing for another eight days, until the
13 afternoon of November 7, 2012, when it first gave notice to plaintiffs' counsel
14 that it would be filing this ex parte application on November 8.  Plaintiffs
15 informed Balboa that they would oppose this application.

16 **II.   ARGUMENT**

17     Plaintiffs oppose Balboa's application for four reasons.  First, Balboa is
18 using the 10-day delay of the parties' mediation date as a ruse for delaying the
19 progress of the rest of this litigation.  Balboa's sudden optimism that the parties
20 may be able to settle this case at the mediation on November 9, and therefore
21 make unnecessary the preparation of summary judgment papers, is belied by
22 Balboa's track record in this case.  For the entire year during which this litigation
23 has been pending – and both before and after the parties' mediation had been
24 scheduled and rescheduled – Balboa has not made a single settlement overture to
25 plaintiffs' counsel (other than to surreptitiously contact and try to settle the case
26 directly with plaintiffs for a nominal sum last March, without informing
27 plaintiffs' counsel).  Indeed, the real reason why Balboa is filing this application
28 at this juncture is to delay in the hope that it will soon receive a decision by the


Ninth Circuit concerning Balboa's petition for leave to appeal this Court's recent partial grant of plaintiffs' class certification motion. Accordingly, Balboa lacks compelling factual support showing good cause for this ex parte application to modify the dates in this Court's scheduling order, as paragraph 4 of this Court's standing order requires.

Second, if this Court were to postpone the summary judgment hearing date for one month, to January 11, 2013, other dates in the Court's scheduling order also would have to be changed. Most importantly, the final pretrial conference in this case is scheduled for February 1, 2013, which means that the parties would have to file in limine motions, bifurcation motions, and other trial-related motions no later than January 4, 2013 (28 days before the date of the final pretrial conference). That would put the parties in the untenable position of having to file trial motions that will very likely be affected by the Court's decision on summary judgment motions before the hearing date for those summary judgment motions.

Third, plaintiffs cannot consent to an ex parte application that is not truly for extraordinary relief due to events beyond Balboa's control. *E.g., Mission Power Engineering Co. v. Continental Casualty Co.*, 883 F. Supp. 488, 493 (C.D. Cal. 1995) ("'Ex parte applications are not intended to save the day for parties who have failed to present requests when they should have. . . .'"). Balboa could have made this application at least ten days ago, on October 30, when plaintiffs indicated they would not consent to the month-long extension that Balboa wanted. In addition, there is no reason why Balboa could not have begun preparing its summary judgment papers on October 24, 2012, when this Court entered its decision partially granting plaintiffs' summary judgment motion. If Balboa had done so, it would have had three weeks to prepare summary judgment papers before the current November 14, 2012 deadline for doing so. Instead, Balboa's counsel chose to wait until the summary judgment deadlines became all

the more imminent to generate a sense of emergency in their application for ex parte relief.

      Fourth, given that the mediation is scheduled to take place tomorrow, November 9, there is no reason to even consider this application until after the mediation concludes tomorrow afternoon. If the mediation is unsuccessful, Balboa will lose its sole tenuous rationale for this ex parte application, and the parties should continue as scheduled. If the mediation is successful and the parties are able to settle this case, the parties could *then* so inform the Court and request that the scheduling order deadlines be held in abeyance pending the consummation and court approval of a settlement.

      For all the foregoing reasons, plaintiffs request that this Court deny Balboa's ex parte application. If the Court grants this application in any respect, plaintiffs respectfully request that any extension given to Balboa concerning summary judgment deadlines and other trial deadlines in the Court's scheduling order also be given to plaintiffs.

Dated: November 8, 2012

/s/ Roger Furman
ROGER FURMAN, ESQ.

AYTAN Y. BELLIN, ESQ.
BELLIN & ASSOCIATES
JOSEPH R. COMPOLI, ESQ.

Attorneys for plaintiffs Michael A. Vandervort and U.S. Sample Services, Inc., on behalf of themselves and all others similarly situated

# **EXHIBIT 1**

_____
UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | |
|---|---|
| Case No. SACV 11-1578-JST (JPRx) | Date: January 31, 2012 |
| Title: Michael A. Vandervort, et al. v. Balboa Capital Corporation | |

Present: The Honorable JOSEPHINE STATON TUCKER, U.S. DISTRICT JUDGE

| Ellen Matheson | N/A |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorneys Present for Plaintiff: | Attorneys Present for Defendant: |
|---|---|
| Not Present | Not Present |

**Proceedings:** (In Chambers) ORDER VACATING SCHEDULING CONFERENCE AND SETTING CASE MANAGEMENT DATES

On the Court's own motion, the Scheduling Conference set for hearing on February 13, 2012, is VACATED and taken off calendar, and the following dates are set. Counsel's attention is directed to the Court's Order on Jury Trial filed concurrently with this minute order. The parties are further advised that, pursuant to the Court's Order Setting Scheduling Conference, the parties may not choose a settlement conference before a Magistrate Judge.

| | |
|---|---|
| Last Day to Submit Settlement Procedure Selection (ADR-01 Form and ADR-12 Referral/Order): | 02-27-2012 |
| Last Day for Hearing on Motion to Add Parties and Amend Pleadings: | 05-14-2012 |
| Last Day for Hearing on Motion for Class Certification: | 08-06-2012 |
| Discovery Cut-off (Fact and Expert): | 10-29-2012 |
| Last Day to Conduct Settlement Proceedings: | 12-03-2012 |
| Last Day for Law & Motion Hearings: | 12-17-2012 |
| Final Pretrial Conference (1:30 p.m.): | 02-04-2013 |
| Exhibit Conference (3:00 p.m.): | 02-15-2013 |
| Jury Trial (9:00 a.m.): | 02-19-2013 |
| Trial Estimate: | 7-10 Days |

Initials of Preparer: enm

_____

_____
UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | |
|---|---|
| Case No. SACV 11-1578-JST (JPRx) | Date: August 30, 2012 |
| Title: Michael V. Vandervort, et al. v. Balboa Capital Corporation | |

Present: The Honorable JOSEPHINE STATON TUCKER, U.S. DISTRICT JUDGE

| Dwayne Roberts | N/A |
|:---:|:---:|
| Deputy Clerk | Court Reporter |

| Attorneys Present for Plaintiff: | Attorneys Present for Defendant: |
|:---:|:---:|
| Not Present | Not Present |

**Proceedings:** (In Chambers) ORDER ADVANCING FINAL PRETRIAL CONFERENCE

     On the Court's own motion, the Final Pretrial Conference set for hearing on February 4, 2013, is ordered ADVANCED to **Friday, February 1, 2013 at 1:30 p.m.** All other case management dates to remain.

Initials of Preparer: _dr__

Case 8:11-cv-01578-JST-JPR Document 89 Filed 08/30/12 Page 8 of 10 Page ID #:1204

_____

**EXHIBIT 2**

summary judgment deadline.txt

| | |
|---|---|
| From: | Roger Furman <roger.furman@yahoo.com> |
| Sent: | Tuesday, October 30, 2012 10:43 AM |
| To: | 'Barnes, Nancy' |
| Cc: | 'Aytan Bellin' |
| Subject: | summary judgment deadline |

Nancy --

I just spoke with Aytan on his cell phone -- his power is otherwise out in White Plains.

We are concerned about asking Judge Tucker for yet another extension, after she most recently made it clear that she didn't want to further extend the deadlines in her scheduling order.  Accordingly, we don't feel comfortable signing any stipulation extending the dates for summary judgment motions.   We are therefore prepared to go forward as currently scheduled.   However, if you want to unilaterally make an application to extend the last possible hearing date for a week, to Friday, December 21, we would not oppose such an application (but we would not join or consent to it).  The December 28 date you proposed for hearing summary judgment motions wouldn't in any event work for Aytan, who will be out of town on vacation.

We realize that the time between our mediation and date for filing summary judgment papers is short and that both sides will be under pressure as a result of it, but don't think there is any good solution for extending the schedule.  I hope that you understand that while Aytan and I have granted every single request for an extension you have made in the past (and you too have reciprocated when asked), we just don't feel comfortable doing so given the circumstances with Judge Tucker's scheduling order.

Roger Furman, Esq.
Telephone:  (310) 568-0640
Facsimile:   (310) 694-9083
Email:  roger.furman@yahoo.com