Nancy M. Barnes, Esq.
(*admitted pro hac vice*)
Thompson Hine LLP
3900 Key Center
127 Public Square
Cleveland, OH 44114-1291
Tel: (216) 566-5578; Fax: (216) 566-5800
E-mail: Nancy.Barnes@thompsonhine.com

Lance A. Brewer, Esq.  CBN 125759
BREWER & BREWER
4533 MacArthur Boulevard, Suite 707
Newport Beach, California 92660
Tel: (714) 424-6300; Fax: (714) 424-4313
E-mail: Lbrewer@brewer-brewer.com

Attorneys for Defendant
BALBOA CAPITAL CORPORATION

# THE UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA – SOUTHERN DIVISION

| | |
|---|---|
| MICHAEL A. VANDERVORT and U.S. SAMPLE SERVICES, INC., on behalf of themselves and all other similarly situated,<br><br>                    Plaintiffs,<br>vs.<br><br>BALBOA CAPITAL CORPORATION,<br><br>                    Defendant. | CASE NO. : SACV11-01578 JST(JPRx)<br><br>**DEFENDANT BALBOA CAPITAL CORPORATION'S UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW**<br><br>Date:  December 14, 2012<br>Time:  2:30 p.m.<br>Judge: Hon. Josephine Staton Tucker |

Pursuant to Rule 56 of the Federal Rules of Civil Procedure and Rule 56-1 of the Local Rules of this Court, Defendant Balboa Capital Corporation ("Balboa") submits this Statement of Uncontroverted Facts and Conclusions of Law in Support of its Motion for Summary Judgment:

1

**DEFENDANT'S UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW**

**Plaintiffs' Claim For Violation Of The TCPA Fails Because Defendant's Opt-Out Is Effective And Substantially Complies With The Regulation, And Because The TCPA Only Applies To Unsolicited Faxes.**

| UNDISPUTED MATERIAL FACTS | SUPPORTING EVIDENCE |
|---|---|
| 1. Plaintiffs received a single fax from Balboa on May 21, 2010 ("the Fax"). | Dkt. 18, Exh. 1 |
| 2. The contents of the Fax are undisputed, including the fact that it did contain a conspicuous opt-out notice on the bottom which read: "To opt out from future faxes, go to www.removemyfaxnumber.com and enter PIN 14641 or call 877-284-7885. The recipient may make a request to the sender not to send any future faxes and failure to comply with the request within 30 days is unlawful." ("the Opt-Out"). | Dkt. 18, Exh. 1 |
| 3. Balboa is a company that provides equipment leasing and financing to its customers. | Barnes Decl. Exh. 3 ("Byrne Dep.") 120:12-121:17. |
| 4. As a part of its marketing efforts, Balboa uses a number of methods to identify potential customers that might be interested in its products and services. | Barnes Decl. Exh. 4 ("Dacillo Dep.") 47:01-48:20. |
| 5. These methods include the use of direct mail, cold calls, and referrals from vendors who sell equipment. | Dacillo Dep. 47:01–48:20; Byrne Dep. 65:4-19; Barnes Decl. Exh. 2 ("Blundo Dep.") 7:10-8:8, 8:14-18; Barnes Decl. Exh. 6 ("Nguyen Dep.") 39:3-12. |
| 6. In the past, Balboa used fax marketing to target communications to its active database. | Dacillo Dep. 9:22-11:17; Barnes Decl. Exh. 9 ("Byrne Decl.") ¶ 2. |
| 7. The active database is defined as those companies who had either done business with Balboa, had submitted an application and therefore who were in the process of attempting to do business with Balboa or had expressed interest in doing business with Balboa in the | Dacillo Dep. 18:22-20:4, 49:6-50:5; Barnes Decl. at Exh. 7 ("Takeuchi Dep.") 15:2-16:13; Barnes Decl. Exh. 5 ("Horwich Dep.") 75:6-22; Nguyen Dep. 38:17-40:2; Byrne Decl. ¶ 2. |

| | |
|---|---|
| future. | |
| 8. Balboa no longer uses fax marketing. | Byrne Dep. 99:4-18, 102:13-15; Byrne Decl. ¶2; Dacillo Dep. 86:23-87:13. |
| 9. Balboa did engage in a fax marketing campaign at one time. | Dacillo Dep. 9:22-11:17; Byrne Decl. ¶ 2. |
| 10. Balboa's faxes were specifically targeted communications to clients or active prospects in Balboa's database. | Byrne Decl. ¶2; Dacillo Dep. 47:1-22, 49:6-50:17. |
| 11. At no time did Balboa ever acquire or use "a cold fax list." | Byrne Decl. ¶2; Dacillo Dep. 47:1-22. |
| 12. Balboa never sent faxes to anyone who was not either: 1) an existing customer; or 2) had submitted an application and therefore who were in the process of attempting to do business with Balboa; or 3) had expressed interest in doing business with Balboa in the future. | Byrne Decl. ¶2; Dacillo Dep. 18:22-20:4, 47:8-22, 50:6-17; Horwich Dep. 39:13-40:6. |
| 13. As a part of its marketing efforts, Balboa tracks its activities in a CRM database called SalesLogix. | Byrne Decl. ¶ 5; Dacillo Dep. 24:2-17; Horwich Dep. 14:7-14, 15:9-16:3. |
| 14. If a prospect expressed interest in doing business with Balboa either immediately or in the future through Balboa's direct mail, or cold calling efforts, the prospect would be entered into the "active" SalesLogix CRM database. | Dacillo Dep. 18:22-20:4, 49:6-12; Nguyen Dep. 38:17-40:2, 69:10-20; Takeuchi Dep. 15:2-20; Horwich Dep. 75:6-22. |
| 15. During these communications, Balboa employees did not follow a set script, but they did sometimes ask prospects for permission to fax. | Horwich Dep. 10:12-14, 22:20-22, 45:4-13; 46:12-15, 69:1-70:3; Byrne Dep. 43:1-4; Dacillo Dep. 20:5-18; Barnes Decl. Exh. 10(a), ¶4; Barnes Decl. Exh. 10(b), ¶4; Barnes Decl. Exh. 10(c), ¶4; Barnes Decl. Exh. 10(d), ¶4; Barnes Decl. Exh. 10(e), ¶4; Barnes Decl. Exh. 10(f), ¶4; Barnes Decl. Exh. 10(g), ¶4; Barnes Decl. Exh. 10(h), ¶4; Barnes Decl. Exh. 10(i), ¶4; Barnes Decl. Exh. 10(j), ¶4; Barnes Decl. Exh. 10(k), ¶4; Barnes Decl. Exh. 10(l), ¶4; Barnes Decl. Exh. 10(m), ¶4; Barnes Decl. Exh. |

| | | |
|---|---|---|
| | | 10(n), ¶4; Barnes Decl. Exh. 10(o), ¶4; Barnes Decl. Exh. 10(p), ¶4; Barnes Decl. Exh. 10(q), ¶4. |
| | 16. Jake Dacillo specifically testified about obtaining consent for faxing. | Dacillo Dep. 20:5-18. |
| | 17. While it cannot be determined that everyone who was entered into the active database gave explicit permission to receive communication by way of a fax, it is quite clear that these customers and prospective customers of Balboa were implicitly giving permission to receive communication, including faxes, from Balboa. | Dacillo Dep. 20:14-23:7; Byrne Dep. 48:4-50:10; Barnes Decl. Exh. 11(a), ¶5; Barnes Decl. Exh. 11(b), ¶5; Barnes Decl. Exh. 11(c), ¶5; Barnes Decl. Exh. 11(j), ¶5; Barnes Decl. Exh. 11(k), ¶5; Barnes Decl. Exh. 11(l), ¶5; Barnes Decl. Exh. 11(m), ¶5. |
| | 18. During the time that it did fax marketing, Balboa relied upon ProFax, Inc., a fax communication service located in New York, to transmit the faxes and provide opt-out language. | Dacillo Dep. 10:15-12:15; Blundo Dep. 11:10-12:15; Byrne Decl. ¶3. |
| | 19. Balboa retained ProFax as a reputable firm in the fax communication industry. | Byrne Decl. ¶3. |
| | 20. ProFax was well-versed in the requirements of the TCPA and it kept abreast of developments in TCPA laws and regulations and changed its practices to ensure compliance with the law. | Barnes Decl. Exh. 1 ("Barnett Dep.") 109:18-110:7, 111:3-19, 116:24-117:21. |
| | 21. Balboa relied upon ProFax to provide it with compliant opt-out language and to ensure compliance with the TCPA. | Byrne Dep. 41:2-7; Dacillo Dep. 12:5-8, 15:10-19, 63:19-64:8. |
| | 22. For its part, ProFax transmitted faxes to the clients or prospects that Balboa identified. | Dacillo Dep. 64:17-22; Blundo Dep. 11:10-12:15; Barnett Dep. 15:16-21, 40:8-16. |
| | 23. While it appeared that the opt-out language on the Fax Plaintiffs received was provided by ProFax, ProFax could not confirm that the notice on the Fax was substantially similar to other faxes that were sent by Balboa. | Barnett Dep. 91:10-20, 95:25-96:11, 119:16-120:2. |

4

**DEFENDANT'S UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW**

| | | |
|---|---|---|
| 1<br>2 | 24. Moreover, ProFax admitted that its opt-out language evolved over time. | Barnett Dep. 113:3-10. |
| 3<br>4<br>5<br>6 | 25. In order to ensure compliance with the TCPA, Balboa maintained a filter within its SalesLogix CRM database that prevented customers or prospects from receiving faxes if they had opted out or indicated that they did not want to receive faxes. | Byrne Dep. 71:13-72:1; Dacillo Dep. 51:25-52:16, 54:6-55:17; Blundo Dep. 80:24-81:17. |
| 7<br>8<br>9 | 26. ProFax assisted with this opt out process and provided Balboa with lists of people who had opted out through the opt-out mechanisms it provided. | Dacillo Dep. 54:6-9; Byrne Dep. 71:11-16; Blundo Dep. 79:9-81:17. |
| 10<br>11<br>12<br>13 | 27. In addition, account representatives who were notified by customers that they did not wish to receive faxes would indicate that fact in the customer's record in the SalesLogix CRM database. | Byrne Dep. 54:6-18; Horwich Dep. 50:1-11; Nguyen Dep. 34:7-23; Takeuchi Dep. 26:16-27:9. |
| 14<br>15<br>16<br>17 | 28. Plaintiffs bring this action based upon receipt of a single-page fax dated May 21, 2010. The Fax was sent because Balboa had an Existing Business Relationship ("EBR") with Plaintiffs, and who were thus in the active SalesLogix CRM database. | Byrne Decl. ¶6, Exhibit A. |
| 18<br>19<br>20 | 29. In addition, after Plaintiffs received the Fax, they took advantage of the opt-out mechanism identified on the Fax. | Horwich Dep. 59:10-60:14, Ex. 3; Byrne Decl. ¶7, Exhibit A; Barnes Decl. Exh. 8 ("Vandervort Dep.") 83:24-85:6 (admitting that he may have opted out). |
| 21<br>22 | 30. Plaintiffs make no effort to dispute the fact that they had an EBR with Balboa. | *Cf.* Vandervort Decl. filed in support of Class Certification (Dkt. 42-29) ¶4. |
| 23<br>24<br>25<br>26 | 31. Balboa's records demonstrate that Plaintiff responded to a direct mail inquiry, was assigned to a sales representative who made repeated calls to Plaintiff, and was activated in the database based on his inquiry. | Byrne Decl. ¶¶5-6 & Ex. A. |
| 27<br>28 | 32. Moreover, Plaintiffs' fax number is readily available to anyone who wants it: it is displayed on the Internet on their | Vandervort Dep. 28:9-19, 39:16-42:10. |

5

**DEFENDANT'S UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW**

| | |
|---|---|
| company website; in industry directories; and on company letterhead and business cards. | |
| 33. While Vandervort does not specifically recall the phone calls with Balboa that occurred in 2006, unsurprisingly, he cannot deny that they occurred since the calls were made more than five years ago. | Vandervort Dep. 112:12-25. |
| 34. In addition, Balboa's business records include contemporaneous notations of three phone calls as well as Plaintiffs' response to a direct mail inquiry requesting information about Balboa services. | Byrne Decl. ¶6, Ex. A. |
| 35. In addition, Vandervort admitted that he provided his fax number to vendors if asked. | Vandervort Dep. 111:3-6. |
| 36. The Fax Plaintiffs received contained the Opt-Out. | Dkt. 18, Exh. 1 |
| 37. The Opt-Out provided a toll-free mechanism that was available 24 hours a day and seven days a week. | Barnett Dep. 107:17-108:9. |
| 38. Balboa's records indicate that Vandervort opted out of receiving faxes on June 16, 2010. | Horwich Dep. 59:10-60:14, Ex. 3; Byrne Decl. ¶ 7, Ex. A. |
| 39. A notation was promptly made on Plaintiffs' account of the opt out request. | Byrne Decl. ¶7, Exhibit A. |
| 40. Plaintiffs admit that they received no additional faxes after opting out. | Vandervort Dep. 110:10-111:2, 111:11-18. |
| 41. Plaintiffs cannot identify any putative class member who ever received a fax after opting out. | Barnes Decl. Exh. 12, Pls' Resp. to Def's Requests for Admission, No. 13, p. 5. |
| 42. Recipients could call the toll free number or go to the website, either of which would prompt them to simply enter their fax number and the PIN contained in the opt-out notice. | Barnett Dep. 84:14-19, 85:8-86:11, 107:17-108:25; Byrne Dep. 113:8-20. |
| 43. A recipient could also fax an opt-out request directly to Balboa at the | Byrne Dep. 113:8-114:14. |

| | |
|---|---|
| number provided on the fax. | |
| 44. These methods were available 24 hours a day. | Barnett Dep. 108:7-9. |
| 45. By following the simple instructions, recipients would be able to opt out of receiving future faxes. | Barnett Dep. 108:16-25. |
| 46. The Opt-Out notice fully complied with the requirements outlined on the FCC's own website. | Barnes Decl. Exh. 13 ("FCC website") (FCC's own website says nothing about the elements that Plaintiffs claim are lacking.) |

**Plaintiffs Have No Class Claim For Violation of Cal. Bus. & Prof. Code 17538.43(b). Plaintiffs' Individual Claim Fails Because Cal. Bus. & Prof. Code 17538.43(b) Applies Only To Intrastate Faxes And Neither Plaintiff Is A Resident Of California.**

| | |
|---|---|
| 47. It is undisputed that ProFax, Inc. sent the Fax from New York. | Barnett Dep. 4:9-11; Byrne Decl. ¶4. |
| 48. It is undisputed that Plaintiffs are located in Ohio. | Vandervort Dep. 15:19-25, 107:11-14. |
| 49. Vandervort has admitted that he is not a resident of California. | Vandervort Dep. 106:25-107:6 |
| 50. Vandervort has admitted that the Fax was not received in California. | Vandervort Dep. 108:4-109:6 |
| 51. Vandervort has admitted that U.S. Sample Services is not incorporated in California. | Vandervort Dep. 15:19-20, 107:20-22 |
| 52. Vandervort has admitted that U.S. Sample Services has no offices in California. | Vandervort Dep. 107:23-25 |
| 53. Vandervort has admitted that U.S. Sample Services is not licensed to do business in California. | Vandervort Dep. 15:21-25 |

# PROOF OF SERVICE

STATE OF OHIO, COUNTY OF CUYAHOGA

I am employed in the aforesaid County, and State of Ohio; I am over the age of eighteen years and not a party to the within action; my business address is 3900 Key Center, 127 Public Square, Cleveland, Ohio 44114.

On November 16, 2012, I served the following documents:

**DEFENDANT BALBOA CAPITAL UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW**

___XX___ BY ELECTRONIC SERVICE: by electronic filing with the Clerk of the Court using the CM/ECF System, which sends a Notice of Electronic Filing to all parties with an email address of record who have filed a Notice of Consent to Electronic Service in this action.

upon all interested parties as follows:

| | |
|---|---|
| Aytan Y. Bellin, Esq.<br>Bellin & Associates, LLC<br>85 Miles Avenue<br>White Plains, NY 10606 | Roger Furman, Esq.<br>7485 Henefer Avenue<br>Los Angeles, CA 90045 |
| Joseph Compoli, Esq.<br>612 East 185th Street<br>Cleveland, OH 44119 | Lance A. Brewer, Esq.<br>Brewer & Brewer<br>4533 MacArthur Boulevard<br>Suite 707<br>Newport Beach, CA 92660 |

I hereby certify that I am employed in the office of a member of the Bar of this Court at whose direction the service was made. I declare under the penalty of

8

DEFENDANT'S UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW

perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on November 16, 2012, at Cleveland, Ohio.

By: *s/Nancy M. Barnes*
Nancy M Barnes
Declarant

9
**DEFENDANT'S UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW**