**AMENDED EXHIBIT 1**

**(replaces document 65-4 filed on 11/16/12; see accompanying notice of errata)**

1  AYTAN Y. BELLIN
   (admitted *pro hac vice*)
2  AYTAN.BELLIN@BELLINLAW.COM
   BELLIN & ASSOCIATES LLC
3  85 Miles Avenue
   White Plains, New York  10606
4  Telephone:  (914) 358-5345
   Facsimile:  (212) 571-0284
5
6  JOSEPH R. COMPOLI, JR.
   (motion for admission *pro hac vice* to be filed)
7  josephcompoli@sbcglobal.net
   612 East 185th Street
8  Cleveland, Ohio  44119
   Telephone:  (216) 481-6700
9  Facsimile:  (216) 481-1047

10  ROGER FURMAN (STATE BAR NO. 149570)
    roger.furman@yahoo.com
11  7485 Henefer Avenue
    Los Angeles, California  90045
12  Telephone:  (310) 568-0640
    Facsimile:  (310) 694-9083
13
    Attorneys for plaintiffs Michael A.
14  Vandervort and U.S. Sample Services, Inc.

15           UNITED STATES DISTRICT COURT

16     CENTRAL DISTRICT OF CALIFORNIA, SOUTHERN DIVISION

17  MICHAEL A. VANDERVORT and  )   Case No.:  SACV 11-1578-JST(JPRx)
    U.S. SAMPLE SERVICES, INC., on )   Hon. Josephine Staton Tucker
18  behalf of themselves and all others )
    similarly situated,              )   FIRST AMENDED COMPLAINT FOR:
19                                   )   1.  MONETARY RELIEF FOR
            Plaintiffs,              )   VIOLATION OF 47 U.S.C. § 227(B)
20                                   )   AND 47 C.F.R. § 64.1200
                                     )   2.  MONETARY RELIEF FOR
21      vs.                          )   VIOLATION OF 47 U.S.C. § 227(B)
                                     )   AND 47 C.F.R. § 64.1200
22                                   )   3.  INJUNCTIVE RELIEF FOR
    BALBOA CAPITAL                   )   VIOLATION OF 47 U.S.C. § 227(B)
23  CORPORATION,                     )   AND 47 C.F.R. § 64.1200
                                     )   4.  MONETARY RELIEF FOR
24          Defendant.               )   VIOLATION OF CAL. BUS. &
                                     )   PROFESSIONS CODE
25                                   )   § 17538.43(b)
                                     )   5.  INJUNCTIVE RELIEF FOR
26                                   )   VIOLATION OF CAL. BUS. &
                                     )   PROFESSIONS CODE
27                                   )   § 17538.43(b)
                                     )   CLASS ACTION
28                                   )   DEMAND FOR JURY TRIAL

0

FIRST AMENDED COMPLAINT

FILED - SOUTHERN DIVISION
CLERK, U.S. DISTRICT COURT

NOV 23 2011

CENTRAL DISTRICT OF CALIFORNIA
BY                    DEPUTY

RECEIVED
BUT NOT FILED

NOV 23 2011

CLERK, U.S. DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
SOUTHERN DIVISION
BY                    DEPUTY

Plaintiffs Michael A. Vandervort ("Vandervort") and U.S. Sample Services, Inc. ("Sample Services") (individually and collectively, "Plaintiffs"), on behalf of themselves and all others similarly situated, by their attorneys, for their first amended complaint against defendant Balboa Capital Corporation ("Balboa" or "Defendant"), allege as follows:

## JURISDICTION AND VENUE

1.     This Court has federal question jurisdiction over this action pursuant to 28 U.S.C. § 1331 because this action is based on the federal Telephone Consumer Protection Act, and regulations thereunder.  This Court also has diversity jurisdiction over this action pursuant to 28 U.S.C. § 1332 because, upon information and belief, the matter in controversy concerning the TCPA exceeds $5,000,000, exclusive of interest and costs, involves thousands of class members and is a class action in which at least one member of the class, including the two named Plaintiffs, is a citizen of a state different from the state of which Defendant is a citizen.

2.     Venue in this judicial district is proper pursuant to 28 U.S.C. §§ 1391(a)(2) and 1391(b)(2) because, upon information and belief, a substantial part of the events or omissions giving rise to the claims in this case occurred in this judicial district.

## THE PARTIES

3.     Plaintiff Vandervort is a resident of the State of Ohio.

4.     Plaintiff Sample Services is a corporation organized under the laws of the State of Ohio, with its principal place of business located at 171 Pleasant Avenue, Geneva, Ohio 44041.

5.     Defendant Balboa is a corporation organized under the laws of the State of California, with its principal place of business located at 2010 Main Street, Suite 1150, Irvine, California 92614.

# FACTS UNDERLYING THIS COMPLAINT

6.      Plaintiffs bring this action against Defendant for violating the Telephone Consumer Protection Act, 47 U.S.C. § 227 (the "TCPA"), and the regulations promulgated thereunder.  Congress enacted the TCPA in 1991 to prevent the faxing of unsolicited advertisements to persons who had not provided express invitation or permission to receive such faxes.  Congress believed that unsolicited fax advertisements improperly shift advertising costs to unwilling fax recipients and interfere with the use of fax machines by those recipients, who are consumers and businesses.  Regulations enacted pursuant to the TCPA also prohibit the sending of solicited fax advertisements that do not contain proper opt-out notices.  Plaintiff also brings this action against Defendant for violating Cal. Bus. & Professions Code § 17538.43(b), which prohibits the transmission of unsolicited fax advertisements.

7.      Upon information and belief, on or about May 21, 2011, Defendant, without Plaintiffs' express invitation or permission, arranged for and/or caused a telephone facsimile machine, computer, or other device to send an unsolicited fax advertisement (the "fax advertisement"), advertising the commercial availability or quality of property, goods, or services, to Plaintiffs at Sample Services' fax machine located in Geneva, Ohio.  A copy of the unsolicited fax advertisement is attached as Exhibit 1 and is incorporated by reference.

8.      The fax advertisement attached as Exhibit 1 was wholly unsolicited in that it was sent to Plaintiffs by Defendant without Plaintiffs' express invitation or permission.

9.      The fax advertisement contains a notice at the bottom that purports to permit individuals to remove themselves from Defendant's fax advertising list.  The notice states:  "To opt out from future faxes, go to www.removemyfaxnumber.com and enter PIN #1461 or call 877-284-7885.  The recipient may make a request to the sender not to send any future faxes and that

failure to comply within 30 days is unlawful."

10.    The notice on the fax advertisement does not satisfy the requirements of 47 U.S.C. § 227(b)(2)(D) because, among other things, the notice fails (A) to provide a facsimile machine number to which the recipient may transmit such an opt-out request; (B) to state that a person's request to opt out of future fax advertising will be effective only if the request identifies the telephone number or numbers of the telephone facsimile machine or machines to which the request relates; and (C) to state that such an opt-out request will be effective so long as the person making the request does not, subsequent to such request, provide express invitation or permission to the sender, in writing or otherwise, to send such advertisements to such person at his or her telephone facsimile machine.

11.    The notice on the fax advertisement also does not satisfy the requirements of 47 C.F.R. § 64.1200 (a)(3)(iii) because, among other things, the notice fails (A) to provide a facsimile machine number to which the recipient may transmit such an opt-out request; (B) to state that a person's request to opt out of future fax advertising will be effective only if the request identifies the telephone number or numbers of the telephone facsimile machine or machines to which the request relates; and (C) to state that such an opt-out request will be effective so long as the person making the request does not, subsequent to such request, provide express invitation or permission to the sender, in writing or otherwise, to send such advertisements to such person at his or her telephone facsimile machine.

12.    Upon information and belief, Defendant has, from four years prior to the date of the filing of the Complaint through the present, either negligently or willfully and/or knowingly sent and/or arranged to be sent more than 10,000 *unsolicited* fax advertisements, advertising the commercial availability or quality of property, goods, or services, to fax machines and/or computers belonging to thousands of persons all over the United States.  Upon information and belief,

FIRST AMENDED COMPLAINT

1  those facsimile advertisements contained a notice at the bottom identical or

2  substantially similar to that contained on the fax advertisement sent to Plaintiffs.

3      13.   Upon information and belief, Defendant has, from four years prior to

4  the date of the filing of the Complaint through the present, either negligently or

5  willfully and/or knowingly sent and/or arranged to be sent more than 10,000

6  *unsolicited and/or solicited* fax advertisements, advertising the commercial

7  availability or quality of property, goods, or services, to fax machines and/or

8  computers belonging to thousands of persons all over the United States.  Upon

9  information and belief, those facsimile advertisements contained a notice at the

10  bottom identical or substantially similar to that contained on the fax

11  advertisement sent to Plaintiffs.

## THE TELEPHONE CONSUMER PROTECTION ACT AND REGULATIONS THEREUNDER

14      14.   The Telephone Consumer Protection Act of 1991, Pub. L. 102-243,

15  § 3(a), added Section 227 to Title 47 of the United States Code, 47 U.S.C. § 227.

16  In pertinent part, 47 U.S.C. § 227(b) provides that "[i]t shall be unlawful for any

17  person within the United States, or any person outside the United States if the

18  recipient is within the United States . . . to use any telephone facsimile machine,

19  computer, or other device to send an unsolicited advertisement to a telephone

20  facsimile machine[.]"  47 C.F.R. § 64.1200(a), a regulation prescribed under 47

21  U.S.C. § 227(b) and effective as of December 20, 1992, provides in pertinent part

22  that "[n]o person may . . . [u]se a telephone facsimile machine, computer, or other

23  device to send an unsolicited advertisement to a telephone facsimile machine."

24      15.   As used in both 47 U.S.C. § 227 and 47 C.F.R. § 64.1200, "[t]he

25  term 'unsolicited advertisement' means any material advertising the commercial

26  availability or quality of any property, goods, or services which is transmitted to

27  any person without that person's prior express invitation or permission." 47

28  U.S.C. § 227(a)(4); 47 C.F.R. § 64.1200(f)(5).

16.    47 U.S.C. § 227(b)(1)(C)(iii) further provides that it is unlawful to send an unsolicited facsimile advertisement unless, among other things, the unsolicited facsimile advertisement contains a notice meeting the requirements set forth in 47 U.S.C. § 227(b)(2)(D), which in turn provides that:

a notice contained in an unsolicited advertisement complies with the requirements under this subparagraph only if--

(i) the notice is clear and conspicuous and on the first page of the unsolicited advertisement;

(ii) the notice states that the recipient may make a request to the sender of the unsolicited advertisement not to send any future unsolicited advertisements to a telephone facsimile machine or machines and that failure to comply, within the shortest reasonable time, as determined by the Commission, with such a request meeting the requirements under subparagraph (E) is unlawful;

(iii) the notice sets forth the requirements for a request under subparagraph (E);

(iv) the notice includes--

(I) a domestic contact telephone and facsimile machine number for the recipient to transmit such a request to the sender; and

(II) a cost-free mechanism for a recipient to transmit a request pursuant to such notice to the sender of the unsolicited advertisement; the Commission shall by rule require the sender to provide such a mechanism and may, in the discretion of the Commission and subject to such conditions as the Commission may prescribe, exempt certain classes of small business senders, but only if the Commission determines that

5

FIRST AMENDED COMPLAINT

the costs to such class are unduly burdensome given the revenues generated by such small businesses;

(v) the telephone and facsimile machine numbers and the cost-free mechanism set forth pursuant to clause (iv) permit an individual or business to make such a request at any time on any day of the week; and

(vi) the notice complies with the requirements of subsection (d) of [47 U.S.C. § 227].

17.    47 C.F.R. § 64.1200(a)(3) provides that no person or entity may: Use a telephone facsimile machine, computer, or other device to send an unsolicited advertisement to a telephone facsimile machine, unless--:

                    *         *         *

(iii) The advertisement contains a notice that informs the recipient of the ability and means to avoid future unsolicited advertisements. A notice contained in an advertisement complies with the requirements under this paragraph only if--

(A) The notice is clear and conspicuous and on the first page of the advertisement;

(B) The notice states that the recipient may make a request to the sender of the advertisement not to send any future advertisements to a telephone facsimile machine or machines and that failure to comply, within 30 days, with such a request meeting the requirements under paragraph (a)(3)(v) of this section is unlawful;

(C) The notice sets forth the requirements for an opt-out request under paragraph (a)(3)(v) of this section;

(D) The notice includes--

(1) A domestic contact telephone number and facsimile machine number for the recipient to transmit such a request to the sender; and

(2) If neither the required telephone number nor facsimile machine number is a toll-free number, a separate cost-free mechanism including a Web site address or e-mail address, for a recipient to transmit a request pursuant to such notice to the sender of the advertisement. A local telephone number also shall constitute a cost-free mechanism so long as recipients are local and will not incur any long distance or other separate charges for calls made to such number; and

(E) The telephone and facsimile numbers and cost-free mechanism identified in the notice must permit an individual or business to make an opt-out request 24 hours a day, 7 days a week.

18.    47 C.F.R. § 64.1200(a)(3)(iv) further provides that "[a] facsimile advertisement that is sent to a recipient that has provided prior express invitation or permission to the sender must include an opt-out notice that complies with the requirements in paragraph (a)(3)(iii) of this section."

19.    47 U.S.C. § 227(b)(3) provides:

Private right of action

A person or entity may, if otherwise permitted by the laws or rules of court of a State, bring in an appropriate court of that State --

(A) an action based on a violation of this subsection or the regulations prescribed under this subsection to enjoin such violation,

(B) an action to recover for actual monetary loss from such a violation, or to receive $500 in damages for each such

violation, whichever is greater, or

(C) both such actions.

If the court finds that the defendant willfully or knowingly violated this subsection or the regulations prescribed under this subsection, the court may, in its discretion, increase the amount of the award to an amount equal to not more than 3 times the amount available under subparagraph (B) of this paragraph.

20.    47 U.S.C. § 312(f)(1) provides that "[t]he term 'willful,' when used with reference to the commission or omission of any act, means the conscious and deliberate commission or omission of such act, irrespective of any intent to violate any provision of [the chapter under which 47 U.S.C § 227 falls] or any rule or regulation of the Commission authorized by [the chapter under which 47 U.S.C § 227 falls] or by a treaty ratified by the United States."

## THE CALIFORNIA UNSOLICITED FAX STATUTE

21.    Cal. Bus. & Professions Code § 17538.43(b)(1) provides: "It is unlawful for a person or entity, if either the person or entity or the recipient is located within California, to use any telephone facsimile machine, computer, or other device to send, or cause another person or entity to use such a device to send, an unsolicited advertisement to a telephone facsimile machine."

22.    Cal. Bus. & Professions Code § 17538.43(b)(1) further provides: In addition to any other remedy provided by law, including a remedy provided by the Telephone Consumer Act (47 U.S.C. Sec. 227 and following), a person or entity may bring an action for a violation of this subdivision seeking the following relief:

(A) Injunctive relief against further violations.

(B) Actual damages or statutory damages of five hundred dollars ($500) per violation, whichever amount is greater.

(C) Both injunctive relief and damages as set forth in

subparagraphs (A) and (B).

If the court finds that the defendant willfully or knowingly violated this subdivision, the court may, in its discretion, increase the amount of the award to an amount equal to not more than three times the amount otherwise available under subparagraph (B).

## CLASS ACTION ALLEGATIONS

23.    Plaintiffs bring this class action on behalf of themselves and all others similarly situated pursuant to Rule 23 of the Federal Rules of Civil Procedure.

24.    Statutory Reference.  This litigation is properly maintainable as a class action pursuant to Rules 23(b)(1)(A), 23(b)(2) and 23(b)(3).

25.    Definition of the Proposed Class.  Plaintiffs seek to represent three classes of individuals (the "Classes") defined as follows:

Class A:  All persons in the United States from October 12, 2007 through the present to whom Defendant sent or caused to be sent an *unsolicited* facsimile advertisement that advertised the commercial availability or quality of any property, goods, or services, and contained an opt-out notice identical or substantially similar to that contained on the facsimile advertisement attached as Exhibit 1.

Class B:  All persons in the United States from October 12, 2007 through the present to whom Defendant sent or caused to be sent a *solicited or unsolicited* facsimile advertisement that advertised the commercial availability or quality of any property, goods, or services, and contained an opt-out notice identical or substantially similar to that contained on the facsimile advertisement attached as Exhibit 1.

Class C:  All persons in the United States from October 12, 2008 through the present to whom Defendant sent or caused to be sent an unsolicited facsimile advertisement, advertising the commercial availability or quality of any

property, goods, or services, without obtaining the persons' express invitation or permission.

26.     <u>Approximate Size of the Proposed Class</u>: Upon information and belief there are, at a minimum, thousands of class members of Classes A, B and C. Upon information and belief, the Classes' sizes and the identities of the individual members thereof are ascertainable through Defendant's records, including, but not limited to, Defendant's fax and marketing records. The Classes are so numerous that joinder of all individual members in one action would be impracticable. The disposition of the individual claims of the respective class members through this class action will benefit both the parties and this Court.

27.     <u>Adequacy of Representation</u>:  Plaintiffs are adequate representatives of the Classes because Plaintiffs' interests do not conflict with the interests of the members of the Classes. Plaintiffs will fairly, adequately and vigorously represent and protect the interests of the members of the Classes and have no interests antagonistic to the members of the Classes.  Plaintiffs have retained counsel who are competent and experienced in litigation in the federal courts, TCPA litigation and class action litigation.

28.     <u>Commonality of Questions of Fact and Law</u>:  There is a well-defined community of common questions of fact and law affecting the Plaintiffs and members of the Classes.  The questions of fact and law common to Plaintiffs and Class A predominate over questions that may affect individual members, and include:

(a) Whether Defendant's conduct of sending and/or causing to be sent to Plaintiffs and the members of Class A fax advertisements without Plaintiffs' and members of Class A's express invitation or permission, which advertised the commercial availability or quality of any property, goods, or services and which contained an opt-out notice that was identical or substantially similar to the opt-out notice contained in the fax attached as

FIRST AMENDED COMPLAINT

Exhibit 1, by facsimile, computer or other device, violated 47 U.S.C. § 227(b) and/or the regulations thereunder;

(b) Whether Defendant's conduct of sending and/or causing to be sent to Plaintiffs and the members of Class A unsolicited fax advertisements, which advertised the commercial availability or quality of property, goods, or services and which contained an opt-out notice that was identical or substantially similar to the opt-out notice contained in the fax attached as Exhibit 1, by facsimile, computer or other device, was knowing or willful;

(c) Whether Plaintiffs and the members of Class A are entitled to statutory damages, triple damages and costs for Defendant's acts and conduct; and

(d) Whether Plaintiffs and members of Class A are entitled to a permanent injunction enjoining Defendant from continuing to engage in their unlawful conduct.

29.    The questions of fact and law common to Plaintiffs and Class B predominate over questions which may affect individual members and include:

(a) Whether Defendant's conduct of sending and/or causing to be sent to Plaintiffs and the members of Class B fax advertisements, which advertised the commercial availability or quality of property, goods, or services and which contained an opt-out notice that was identical or substantially similar to the opt-out notice contained in the fax attached as Exhibit 1, by facsimile, computer or other device, violated 47 U.S.C. § 227(b) and/or the regulations thereunder;

(b) Whether Defendant's conduct of sending and/or causing to be sent to Plaintiffs and the members of Class B fax advertisements, which advertised the commercial availability or quality of property, goods, or services and which contained an opt-out notice that was identical or substantially similar to the opt-out notice contained in the fax attached as Exhibit 1, by facsimile, computer or other device, was knowing or willful;

FIRST AMENDED COMPLAINT

(c) Whether Plaintiffs and the members of Class B are entitled to statutory damages, triple damages and costs for Defendant's acts and conduct; and

(d) Whether Plaintiffs and members of Class B are entitled to a permanent injunction enjoining Defendant from continuing to engage in its unlawful conduct.

30.    The questions of fact and law common to Plaintiff and Class C predominate over questions which may affect individual members and include the following:

(a) Whether Defendant's conduct of sending and/or causing to be sent to Plaintiff and the members of Class C fax advertisements without Plaintiffs' and members of Class C's express invitation or permission, which advertised the commercial availability or quality of any property, goods, or services, violated Cal. Bus. & Professions Code § 17538.43(b);

(b) Whether Plaintiffs and the members of Class C are entitled to statutory damages for Defendant's acts and conduct; and

(c) Whether Plaintiffs and members of Class C are entitled to a permanent injunction enjoining Defendant from continuing to engage in its unlawful conduct.

31.    Typicality of Claims and Defenses:  Plaintiffs' claims are typical of the claims of the members of Class A. The claims of the Plaintiffs and members of Class A are based on the same legal theories and arise from the same unlawful conduct.  Plaintiffs and members of Class A each received at least one fax advertisement advertising the commercial availability or quality of any property, goods, or services, which contained an opt-out notice that was identical or substantially similar to the opt-out notice contained in the fax attached as Exhibit 1, and which Defendant sent or caused to be sent without Plaintiff's and the members of Class A's express permission or invitation.

32.    Plaintiffs' claims also are typical of the claims of the members of

FIRST AMENDED COMPLAINT

1  Class B. The claims of the Plaintiffs and members of Class B are based on the

2  same legal theories and arise from the same unlawful conduct. Plaintiffs and

3  members of Class B each received at least one fax advertisement advertising the

4  commercial availability or quality of any property, goods, or services which

5  contained an opt-out notice that was identical or substantially similar to the opt-

6  out notice contained in the fax attached as Exhibit 1.

7      33.    Plaintiffs' claims are typical of the claims of the members of Class

8  C. The claims of the Plaintiff and members of Class C are based on the same legal

9  theories and arise from the same unlawful conduct. Plaintiffs and members of

10  Class C each received at least one fax advertisement advertising the commercial

11  availability or quality of any property, goods, or services which Defendant sent or

12  caused to be sent without Plaintiffs and the members of Class C's express

13  permission or invitation.

14      34.    <u>Nature of required/contemplated notice to the proposed class</u>:

15  Members of the Classes may be notified of the pendency of this action by

16  techniques and forms commonly used in class actions, such as by published

17  notice, e-mail notice, website notice, fax notice, first class mail, or combinations

18  thereof, or by other methods suitable to this class and deemed necessary and/or

19  appropriate by the Court.

20      35.    <u>Additional allegations supporting Fed. R. Civ. P. 23(b)(3) Class

21  Action</u>:  In addition to the foregoing allegations regarding common questions of

22  law and fact that support this action proceeding as a class action pursuant to Rule

23  23(b)(3), a class action pursuant to Rule 23(b)(3) is superior to other available

24  means for the fair and efficient adjudication of the claims of the Classes. While

25  the aggregate damages which may be awarded to the members of the Classes are

26  likely to be substantial, the damages suffered by individual members of the

27  Classes are relatively small. As a result, the expense and burden of individual

28  litigation makes it economically unfeasible and procedurally impracticable for

each member of the Classes to individually seek redress for the wrongs done to him, her or it. The likelihood that the individual members of the Classes will prosecute separate claims is remote. Individual litigation also would present the potential for varying, inconsistent or contradictory judgments, and would increase the delay and expense to all parties and the court system resulting from multiple trials of the same factual issues. Plaintiffs do not know of any other litigation concerning this controversy already commenced against Defendant by any member of the Classes. In contrast to individual litigation, the conduct of this matter as a class action presents fewer management difficulties, conserves the resources of the parties and the court system, and would protect the rights of each member of the Classes. Plaintiffs know of no difficulty to be encountered in the management of this action that would preclude its maintenance as a class action.

36.     <u>Injunctive Relief</u>:  Defendant has acted on grounds generally applicable to Plaintiffs and members of the Classes, thereby making appropriate final injunctive relief with respect to Plaintiffs and the Classes as a whole.

## FIRST CLAIM FOR MONETARY RELIEF FOR VIOLATION OF 47 U.S.C. § 227(B) AND 47 C.F.R. § 64.1200

37.     Plaintiffs repeat and reallege all the allegations set forth in paragraphs 1 through 36.

38.     By the conduct described above, Defendant committed more than 10,000 violations of 47 U.S.C. § 227(b) against Plaintiffs and the members of Class A, to wit: the fax advertisements Defendant sent and/or caused to be sent to Plaintiffs and the members of Class A were unsolicited and did not contain a notice satisfying the requirements of 47 U.S.C. § 227(b)(2)(D) and 47 C.F.R. § 64.1200(a)(3)(iii);

39.     By reason of the Defendant's violations of 47 U.S.C. § 227(b) and 47 C.F.R. § 64.1200(a)(3)(iii), Plaintiffs and the members of Class A are entitled to statutory damages under 47 U.S.C. § 227(b) in an amount greater than

$5,000,000 from Defendant.

40.   If it is found that Defendant willfully and/or knowingly sent and/or caused to be sent unsolicited fax advertisements that did not contain a notice meeting the requirements of 47 U.S.C. § 227(b)(2)(D) and/or 47 C.F.R. § 64.1200(a)(3)(iii) to Plaintiffs and the members of Class A, Plaintiffs and Class A are entitled to a tripling of the statutory damage award against Defendant.

## SECOND CLAIM FOR MONETARY RELIEF FOR VIOLATION OF
## 47 U.S.C. § 227(B) AND 47 C.F.R. § 64.1200

41.   Plaintiffs repeat and reallege all the allegations set forth in paragraphs 1 through 40.

42.   By the conduct described above, Defendant committed more than 10,000 violations of 47 U.S.C. § 227(b) against Plaintiffs and the members of Class B, to wit: the fax advertisements Defendant sent and/or caused to be sent to Plaintiffs and the members of Class B were either unsolicited and did not contain a notice meeting the requirements of 47 C.F.R. § 64.1200(a)(3)(iii) and/or § 227(b)(2)(D), or were solicited and did not contain a notice satisfying the requirements of 47 C.F.R. § 64.1200(a)(3)(iii) and 47 C.F.R. § 64.1200(a)(3)(iv).

43.   By reason of Defendant's violations of 47 U.S.C. § 227(b), 47 C.F.R. § 64.1200(a)(3)(iii) and 47 C.F.R. § 64.1200(a)(3)(iv), Plaintiffs and the members of Class B are entitled to statutory damages under 47 U.S.C. § 227(b) in an amount greater than $5,000,000 from Defendant.

44.   If it is found that Defendant willfully and/or knowingly sent and/or caused to be sent fax advertisements that did not contain a notice meeting the requirements of 47 C.F.R. § 64.1200(a)(3)(iii) to Plaintiffs and the members of Class B, Plaintiffs are entitled to a tripling of the statutory damage award against Defendant.

FIRST AMENDED COMPLAINT

## THIRD CLAIM FOR INJUNCTIVE RELIEF FOR VIOLATION OF
## 47 U.S.C. § 227(B) AND 47 C.F.R. § 64.1200

45.    Plaintiffs repeat and reallege all the allegations set forth in paragraphs 1 through 40.

46.    Upon information and belief, Defendant committed thousands of violations of 47 U.S.C. § 227(b) and 47 C.F.R. § 64.1200.

47.    Under 47 U.S.C. § 227(b)(3)(A), Plaintiffs and the members of the Classes are entitled to an injunction against Defendant prohibiting Defendant from committing further violations of the above-mentioned statutes and regulations.

## FOURTH CLAIM FOR MONETARY RELIEF FOR VIOLATION OF
## CAL. BUS. & PROFESSIONS CODE § 17538.43(b)

48.    Plaintiffs repeat and reallege all the allegations set forth in paragraphs 1 through 40.

49.    By the conduct described above, Defendant committed more than 10,000 violations of violations of Cal. Bus. & Professions Code § 17538.43(b).

50.    By reason of Defendant's violations of Cal. Bus. & Professions Code § 17538.43(b), Plaintiffs and the members of Class C are entitled to statutory damages in an amount greater than $5,000,000 from Defendant.

51.    If it is found that Defendant willfully and/or knowingly sent and/or caused to be sent unsolicited fax advertisements to Plaintiffs and the members of Class C, Plaintiffs and the members of Class C are entitled to a tripling of the statutory damage award against Defendant.

## FIFTH CLAIM FOR INJUNCTIVE RELIEF FOR VIOLATION OF
## CAL. BUS. & PROFESSIONS CODE § 17538.43(b)

52.    Plaintiffs repeat and reallege all the allegations set forth in paragraphs 1 through 40.

53.    Upon information and belief, Defendant committed more than

1   10,000 violations of Cal. Bus. & Professions Code § 17538.43(b).

2       54.    Pursuant to Cal. Bus. & Professions Code § 17538.43(b), Plaintiffs

3   and the members of Class C are entitled to an injunction against Defendant

4   prohibiting Defendant from committing further violations of Cal. Bus. &

5   Professions Code § 17538.43(b).

6                       **PRAYER FOR RELIEF**

7       WHEREFORE, Plaintiffs, on behalf of themselves and the members of the

8   Classes, request:

9       A.    an order certifying the Classes, appointing Plaintiffs as the

10  representatives of the Classes, and appointing the law firms representing Plaintiffs

11  as counsel for the Classes;

12      B.    on the first and second claims, an award to Plaintiffs and the

13  members of Classes A and B, and against Defendant, of statutory damages in

14  excess of $5,000,000 for each of Classes A and B, pursuant to 47 U.S.C.

15  § 227(b), for Defendant's violations of that statute and the regulations thereunder;

16      C.    on the first and second claims, if it is found that Defendant willfully

17  and/or knowingly sent and/or caused to be sent fax advertisements to Classes A

18  and/or B, a tripling of the award of statutory damages pursuant to 47 U.S.C.

19  § 227(b) to an amount in excess of $15,000,000 for each of Classes A and B

20  against Defendant;

21      D.    on the third claim, an injunction against Defendant prohibiting

22  Defendant from committing further violations of the above-mentioned statutes

23  and regulations;

24      E.    on the fourth claim, an award to Plaintiffs and the members of Class

25  C, and against Defendant, of statutory damages in excess of $5,000,000, for

26  Defendant's violations of Cal. Bus. & Professions Code § 17538.43(b);

27      F.    on the fourth claim, if it is found that Defendant willfully and/or

28  knowingly sent and/or caused to be sent unsolicited fax advertisements to Class

1   C, a tripling of the award of statutory damages pursuant to Cal. Bus. &

2   Professions Code § 17538.43(b) to an amount in excess of $15,000,000 for Class

3   C against Defendant;

4       G.    on the fifth claim, an injunction against Defendant prohibiting

5   Defendant from committing further violations of Cal. Bus. & Professions Code §

6   17538.43(b); and

7       H.    such further relief as the Court deems proper.

8   Dated:  November 21, 2011

9

10                     ROGER FURMAN, ESQ.

11                     AYTAN BELLIN, ESQ.

12                     BELLIN & ASSOCIATES LLC

13                     JOSEPH R. COMPOLI, ESQ.

14

15                     Attorneys for plaintiffs Michael A.

16                     Vandervort and U.S. Sample Services, Inc., on behalf of

17                     themselves and all others similarly situated

18

19

20

21

22

23

24

25

26

27

28

## DEMAND FOR JURY TRIAL

Plaintiffs demand a jury trial on all issues so triable.

Dated:  November 21, 2011

_____
ROGER FURMAN, ESQ.

AYTAN BELLIN. ESQ.
BELLIN & ASSOCIATES LLC

JOSEPH R. COMPOLI, ESQ.

Attorneys for plaintiffs Michael A.
Vandervort and U.S. Sample
Services, Inc., on behalf of
themselves and all others similarly
situated

FIRST AMENDED COMPLAINT

**EXHIBIT 1**

20

**To:** Michael Vandervort
**Company:** U S Sample Services Inc
**Fax number:** 440-466-3411

**From:** Derek Thomas
**Fax number:** (949) 809-8835

**Date:** 5/21/2010

**Regarding:** Equipment Leasing

## BALBOA
C A P I T A L

2010 Main St. 11ᵗʰ Floor
Irvine, CA 92614

www.balboacapital.com

For more than 22 years, Balboa Capital has been helping thousands of businesses acquire the equipment they need to fuel their growth. Plus, with our **LOWEST PAYMENT PLEDGE** – we guarantee the lowest equipment lease payments, or we'll make your first month's payment for you, up to $500!

Call me or fax back the Quick Quote form below to receive a free quote on your equipment lease and learn why America's small businesses trust Balboa with their equipment financing needs.

### *Quick Quote Request*

What type of equipment are you interested in leasing? _____

What is the equipment cost? $ _____

What is the lease term you're looking for? (circle one)
    24 months    36 months    48 months    60 months

Name: _____

Telephone: _____

Email: _____

**(Fax the completed form to 949 809-8835)**

To opt out from future faxes go to www.removemyfaxnumber.com and enter PIN#14641, or call 877-284-7885. The recipient may make a request to the sender not to send any future faxes and that failure to comply with the request within 30 days is unlawful.

21
FIRST AMENDED COMPLAINT   Vandervort