Nancy M. Barnes, Esq.
(*admitted pro hac vice*)
Thompson Hine LLP
3900 Key Center
127 Public Square
Cleveland, OH 44114-1291
Tel: (216) 566-5578; Fax: (216) 566-5800
E-mail: Nancy.Barnes@thompsonhine.com

Lance A. Brewer, Esq.  CBN 125759
BREWER & BREWER
4533 MacArthur Boulevard, Suite 707
Newport Beach, California 92660
Tel: (714) 424-6300; Fax: (714) 424-4313
E-mail: Lbrewer@brewer-brewer.com

Attorneys for Defendant
BALBOA CAPITAL CORPORATION

# THE UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA – SOUTHERN DIVISION

| | |
|---|---|
| MICHAEL A. VANDERVORT and U.S. SAMPLE SERVICES, INC., on behalf of themselves and all other similarly situated,<br><br>　　　　　Plaintiffs,<br>vs.<br><br>BALBOA CAPITAL CORPORATION,<br><br>　　　　　Defendant. | CASE NO. : SACV11-01578 JST(JPRx)<br><br>**DEFENDANT'S RESPONSE TO PLAINTIFFS' EVIDENTIARY OBJECTIONS TO DEFENDANT'S DECLARATIONS FILED IN SUPPORT OF DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**<br><br>Date: January 11, 2013<br>Time: 2:30 p.m.<br>Judge: Hon. Josephine Staton Tucker |

　　　　Defendant Balboa Capital Corporation ("Balboa") submitted declarations from 17 of its employees (the "Employee Affidavits") in support of its Motion for Summary Judgment. (*See* Exh. 10 to the 11/16/12 Decl. of Nancy Barnes, Dkt. #

66.) Plaintiffs have asserted evidentiary objections to these Employee Affidavits and moved to strike them. For the following reasons, this Court should consider the Employee Affidavits in ruling on Balboa's Motion for Summary Judgment.

### A. The Court Should Reconsider The Employee Affidavits And Balboa's Additional Arguments.

While Plaintiffs are correct that the Court deemed the Employee Affidavits "inadmissible" in a one-sentence footnote while granting in part and denying in part Plaintiffs' Motion for Class Certification, nowhere in that Order did the Court preclude the use of the Employee Affidavits in future briefing. (Dkt. 54 at 2, n.1.)[1] Moreover, since Balboa originally submitted the Employee Affidavits in September, more than three months have passed. During that time, Plaintiffs could have addressed any concerns they have with the Employee Affidavits by conducting additional discovery, including deposing the employees who submitted those affidavits, but have made no attempt to do so. These additional facts should be considered in evaluating Plaintiffs' evidentiary objections to the Employee Affidavits.

### B. The Court Should Not Strike The Employee Affidavits Based On Rule 26(a).

Plaintiffs here repeat their primary objection to the Employee Affidavits, that the employees who submitted these affidavits were not identified by name in Balboa's Rule 26(a) initial disclosures. Plaintiffs' argument fails for the following reasons.

First, while Balboa's original Rule 26(a) Initial Disclosures did not list all of Balboa's employees by name, they did include "current or former employees of

---

[1] In addition, the Court did not provide its reasoning for deeming the Employee Affidavits inadmissible, and therefore Balboa is unable to address any specific concerns the Court had with the affidavits.

2
**DEFENDANT'S RESPONSE TO PLAINTIFF'S EVIDENTIARY OBJECTIONS TO DEFENDANT'S DECLARATIONS FILED IN SUPPORT OF DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

Balboa," and thereby put plaintiffs on notice that Balboa might rely on its employees to support its claims and defenses. (*See* Dkt. 47-1 at pp. 6-7, item 7.) Accordingly, plaintiffs cannot claim surprise by Balboa's submission of the Employee Affidavits, especially considering that the parties already briefed this issue in connection with the Motion for Class Certification.

Second, Plaintiffs' Complaint specifically alleged that facsimiles had been sent which were both solicited <u>and</u> unsolicited. Am. Complaint ¶¶ 6, 13, 18, 25, 42. Accordingly, it was not until Plaintiffs filed their Motion for Class Certification that Balboa became aware for the first time that Plaintiffs were taking the contrary position that <u>no one</u> received a <u>solicited</u> fax. Once Balboa was on notice that Plaintiffs were operating under a new theory, it immediately supplemented its initial disclosures.

Third, Plaintiffs fail to acknowledge that Balboa provided *Amended* Initial Disclosures on October 3, 2012, pursuant to Rule 26(e), and that those disclosures included the names of the employees who submitted the Employee Affidavits. Accordingly, any perceived noncompliance with Rule 26(a) was cured well *before* Balboa submitted the Employee Affidavits in support of the Motion for Summary Judgment, and therefore the Employee Affidavits should not be excluded from this Court's consideration of Balboa's Motion for Summary Judgment.

Fourth, Rule 37(c) imposes sanctions for failure to comply with Rules 26(a) *or* (e) unless the failure is "substantially justified or harmless." Although Rule 37 states that the disclosing party "is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial," it goes on to state that "*instead of this sanction*, the court ... may impose other appropriate sanctions" if there is indeed a violation of the obligation of Rule 26 (emphasis added).[2] Here,

---

[2] Accordingly, the Court is not bound to exclude the Employee Affidavits even if it finds that Balboa improperly failed to disclose the witnesses in its Rule 26(a) initial disclosures.

Plaintiffs do not even attempt to explain how they were harmed by Balboa's purported violation of Rule 26(a), presumably because their previous argument – that they were unable to depose the employees who submitted the Employee Affidavits in advance of the Motion for Class Certification – has been belied by Plaintiffs' complete failure to seek those depositions in the three months since Balboa first submitted those affidavits. Accordingly, to the extent that there has been any failure to comply with Rule 26(a), that failure was justified and/or harmless.

Finally, each of the cases Plaintiffs cite in their Objections is readily distinguishable from the situation here. *Ollier* and *Wallace* both involve completely egregious behavior. In *Ollier*, defendants waited until the final pretrial conference (more than a year after fact discovery closed) to disclose 38 testifying witnesses who were all employees, then ***misrepresented to the court*** that the reason for the late disclosure was that the witnesses had joined the school after fact discovery closed, when they had actually joined the school prior to that date. Accordingly, the court found that the failure to supplement was not substantially justified. *Ollier v. Sweetwater Union High School Dist.*, 267 F.R.D. 339 (S.D. Cal. 2010). In *Wallace*, the plaintiff alleged that the insurer improperly denied benefits by finding that the decedent failed to make material disclosures in his insurance application. The insurer failed to identify the employee who had made that finding in its initial disclosures and two supplemental disclosures, then relied on this employee almost exclusively in moving for summary judgment. The court found that the failure to identify this central witness until after fact discovery had closed was neither substantially justified nor harmless. *Wallace v. U.S.A.A. Life General Agency, Inc.*, 2012 U.S. Dist. LEXIS 43338 (D. Nev. Mar. 29, 2012). In *Forbes*, the plaintiff offered absolutely no explanation for the failure to disclose, and therefore the only possible result was a finding that the failure was neither

substantially justified nor harmless. *Forbes v. 21st Century Ins. Co.*, 258 F.R.D. 335 (D. Ariz. July 30, 2009). And while plaintiffs cite *Hoffman* for the proposition that Rule 37 is "a self-executing, automatic sanction," the court made that statement in the context of rejecting an argument that it was required to find willfulness or bad faith before excluding evidence under Rule 37. The *Hoffman* court still examined whether the plaintiffs' failure to disclose their damages calculation until the start of trial was substantially justified or harmless before excluding the evidence. *Hoffman v. Construction Protective Services, Inc.*, 541 F.3d 1175 (9th Cir. 2008). Accordingly, none of the cases plaintiffs cite support a finding that the Employee Affidavits should be stricken.

### C. The Court Should Not Strike The Employee Affidavits For Containing "Vague And Ambiguous Statements."

Plaintiffs' final argument is that the Employee Affidavits are "hopelessly vague" because "they do not provide any specific facts as to how or when those employees obtained express consent to send fax advertisements to the persons they called, as the TCPA and Bus. & Profs. Code § 17538.43 require." (Dkt. 75-2 at 2-3.) Plaintiffs are wrong for at least three reasons. First, "hopelessly vague" is not an evidentiary objection under the Federal Rules of Evidence, and Plaintiffs have not asserted a recognized evidentiary objection such as hearsay. Second, nothing in the TCPA[3] or the California *intrastate* version of the TCPA requires a defendant to submit a specific recitation of the words used in a conversation seeking and obtaining permission to fax or the specific date and time when such a conversation took place in order to defeat a claim under those statutes. Accordingly, this purported lack of detail is irrelevant because those details are not material facts for

---

[3] In fact, the TCPA does not require "express permission" – an existing business relationship is enough. Nevertheless, because the Employee Affidavits discuss obtaining express permission, this Response addresses express permission as well.

purposes of summary judgment. Third, to the extent that Plaintiffs seek to challenge the veracity of the employees' statements by claiming that they are "boilerplate," Plaintiffs have had more than ample opportunity to seek the depositions of these employees in the three months since Balboa first submitted the Employee Affidavits in support of its Brief in Opposition to Plaintiffs' Motion for Class Certification. As discussed above, however, Plaintiffs have not even asked to depose any one of the 17 employees who submitted the Employee Affidavits. Instead, Plaintiffs have been content to rest solely on their speculation regarding how the Employee Affidavits were executed. The Employee Affidavits were all sworn and signed before notaries, and should be taken as true unless and until Plaintiffs produce some evidence that the statements contained in them are false. Accordingly, this Court should consider the Employee Affidavits in ruling on Balboa's Motion for Summary Judgment.

Dated: December 28, 2012  THOMPSON HINE, LLP

*s/ Nancy M. Barnes*
NANCY M. BARNES
Attorney for Defendant
BALBOA CAPITAL CORPORATION

# PROOF OF SERVICE

STATE OF OHIO, COUNTY OF CUYAHOGA

I am employed in the aforesaid County, and State of Ohio; I am over the age of eighteen years and not a party to the within action; my business address is 3900 Key Center, 127 Public Square, Cleveland, Ohio  44114.

On December 21, 2012, I served the following documents:

**DEFENDANT BALBOA CAPITAL CORPORATION'S RESPONSE TO PLAINTIFF'S EVIDENTIARY OBJECTIONS TO DEFENDANT'S DECLARATIONS FILED IN SUPPORT OF DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

    XX    BY ELECTRONIC SERVICE:  by electronic filing with the Clerk of the Court using the CM/ECF System, which sends a Notice of Electronic Filing to all parties with an email address of record who have filed a Notice of Consent to Electronic Service in this action.

upon all interested parties as follows:

| | |
|---|---|
| Aytan Y. Bellin, Esq.<br>Bellin & Associates, LLC<br>85 Miles Avenue<br>White Plains, NY  10606 | Roger Furman, Esq.<br>7485 Henefer Avenue<br>Los Angeles, CA  90045 |
| Joseph Compoli, Esq.<br>612 East 185th Street<br>Cleveland, OH  44119 | Lance A. Brewer, Esq.<br>Brewer & Brewer<br>4533 MacArthur Boulevard<br>Suite 707<br>Newport Beach, CA  92660 |

I hereby certify that I am employed in the office of a member of the Bar of this Court at whose direction the service was made.  I declare under the penalty of

perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on December 28, 2012, at Cleveland, Ohio.

By: *s/Nancy M. Barnes*
Nancy M Barnes
Declarant