UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA

# If you received a facsimile advertisement from Balboa Capital Corporation between October 12, 2007 and November 23, 2011, you could get a payment from a class action settlement.

A federal court authorized this notice. This is not a solicitation from a lawyer.

- A settlement will provide $2,300,000 to $3,300,000 ("settlement fund") from which to pay claims to recipients of facsimile advertisements sent or caused to be sent by Balboa Capital Corporation between October 12, 2007 to November 23, 2011.

- The settlement resolves a lawsuit over whether, from October 12, 2007 to November 23 2011, Balboa Capital sent or caused to be sent tens of thousands of facsimile advertisements to persons in the United States in violation of the Telephone Consumer Protection Act ("TCPA"), FCC Regulations and /or state law; it avoids costs and risks to you from continuing the lawsuit; pays money to fax advertisement recipients like you; and releases Balboa Capital Corporation from further liability.

- Court-approved lawyers for fax advertisement recipients will ask the Court for up to $1,100,000, to be paid out of the settlement fund by Balboa Capital, as fees and expenses for investigating the facts, litigating the case, and negotiating the settlement.

- The two sides disagree on how much money could have been awarded if fax advertisement recipients won a trial.

- Your legal rights are affected whether you act, or don't act. Please read this notice carefully.

| YOUR LEGAL RIGHTS AND OPTIONS IN THIS SETTLEMENT: | |
|---|---|
| SUBMIT A CLAIM FORM | The only way to get a payment. |
| EXCLUDE YOURSELF | Get no payment. This is the only option that allows you to ever be part of any other lawsuit against Balboa Capital about the legal claims in this case. |
| OBJECT | Write to the Court about why you don't like the settlement. |
| GO TO A HEARING | Ask to speak in Court about the fairness of the settlement. |
| DO NOTHING | Get no payment. Give up rights. |

- These rights and options—and the deadlines to exercise them—are explained in this notice.

- The Court in charge of this case still has to decide whether to approve the settlement. Payments will be made if the Court approves the settlement and after appeals are resolved. Please be patient.

## WHAT THIS NOTICE CONTAINS

**BASIC INFORMATION** ......................................................... **PAGE 3**
1. Why did I get this notice package?
2. What is this lawsuit about?
3. Why is this a class action?
4. Why is there a settlement?

**WHO IS IN THE SETTLEMENT**.......................................... **PAGE 4**
5. How do I know if I am part of the settlement?
6. Are there exceptions to being included?
7. I'm still not sure if I am included.

**THE SETTLEMENT BENEFITS—WHAT YOU GET**.................................... **PAGE 4**
8. What does the settlement provide and how much will my payment be?

**HOW YOU GET A PAYMENT—SUBMITTING A CLAIM FORM** .................... **PAGE 5**
9. How can I get a payment?
10. When would I get my payment?
11. What am I giving up to get a payment or stay in the Class?

**EXCLUDING YOURSELF FROM THE SETTLEMENT**.................................... **PAGE 6**
12. How do I get out of the settlement?
13. If I don't exclude myself, can I sue Balboa Capital for the same thing later?
14. If I exclude myself, can I get money from this settlement? –

**THE LAWYERS REPRESENTING YOU**.......................................... **PAGE 7**
15. Do I have a lawyer in the case?
16. How will the lawyers be paid?

**OBJECTING TO THE SETTLEMENT**.......................................... **PAGE 7**
17. How do I tell the Court that I don't like the settlement?
18. What's the difference between objecting and asking to be excluded?

**THE COURT'S FAIRNESS HEARING**.......................................... **PAGE 8**
19. When and where will the Court decide whether to approve the settlement?
20. Do I have to come to the hearing?
21. May I speak at the hearing?

**IF YOU DO NOTHING**.......................................................... **PAGE 9**
22. What happens if I do nothing at all?

**GETTING MORE INFORMATION**.......................................... **PAGE 9**
23. Are there more details about the settlement?
24. How do I get more information?

# BASIC INFORMATION

### 1.   Why did I get this notice package?

You or someone in your family or business may have received facsimile advertisements that were sent or caused to be sent by Balboa Capital Corporation between October 12, 2007 and November 23, 2011.

The Court sent you this notice because you have a right to know about a proposed settlement of a class action lawsuit, and about all of your options, before the Court decides whether to approve the settlement.  If the Court approves it, and after objections and appeals are resolved, an administrator appointed by the Court will make the payments that the settlement allows.  You will be informed of the progress of the settlement.

This package explains the lawsuit, the settlement, your legal rights, what benefits are available, who is eligible for them, and how to get them.

The Court in charge of the case is the United States District Court for the Central District of California, and the case is known as Vandervort, et al., v. Balboa Capital, Case No. 8:11 CV 1578 (JST) (JPRx).  The people who sued are called the Plaintiffs, and the company they sued, Balboa Capital Corporation, is called the Defendant.

### 2.   What is this lawsuit about?

The lawsuit claims that from October 12, 2007 through November 23, 2011, Balboa Capital Corporation sent or caused to be sent tens of thousands of facsimile advertisements to persons in the United States which violated the TCPA, FCC Regulations and state law.  Balboa Capital denies it did anything wrong.

### 3.   Why is this a class action?

In a class action, one or more people called Class Representatives (in this case, Michael A. Vandervort and U.S. Sample Services, Inc.) sue on behalf of people who have similar claims.  All these people are called Class Members and collectively are called a Class.  One court resolves the issues for all Class Members, except for those who exclude themselves from the Class. U.S. District Judge Josephine Staton is in charge of this class action.

### 4.   Why is there a settlement?

The Court did not decide in favor of Plaintiffs or Defendant.  The Plaintiffs think they could have been awarded up to $1,500 per facsimile advertisement sent or caused to be sent by Balboa Capital if they won a trial.  The Defendant thinks the Plaintiffs would not have been awarded  anything after a trial.  But there was no trial.  Instead, both sides have agreed to a settlement.  That way, they avoid the cost of a trial, and the people affected will get compensation. The Class Representatives and the attorneys think the settlement is best for all Class Members.

# WHO IS IN THE SETTLEMENT

To see if you will get money from this settlement, you first have to decide if you are a Class Member.

## 5. How do I know if I am part of the settlement?

Everyone who fits this description is a Settlement Class Member:  All persons in the United States who from October 12, 2007 to November 23, 2011 were sent or caused to be sent by Balboa Capital Corporation facsimile advertisements.

## 6. Are there exceptions to being included?

You are not a Class Member if you are an officer or director of Balboa Capital, or were one between October 12, 2007 to November 23, 2011.  Also, immediate family members of Balboa Capital officers and directors are not in the Class.  You are also not a class member if you previously opted out of the Class.

## 7. I'm still not sure if I am included.

If you are still not sure whether you are included, you can ask for free help.  You can call 1-800-414-4370 or visit www.balboaclassaction.net for more information.  Or you can fill out and return the claim form described in question 10, to see if you qualify.

# THE SETTLEMENT BENEFITS—WHAT YOU GET

## 8. What does the settlement provide and how much will my payment be?

Depending on the number of claims made, Balboa Capital will pay from a minimum of $2,300,000 ("the Floor") to a maximum of $3,300,000 ("the Ceiling") to a Settlement fund, a portion of which will be distributed to class members so long as they  timely submit proper claim forms to the claims administrator.  More specifically, Claimants who submit actual copies of fax advertisements they received from Balboa Capital will be eligible for a cash award of $500 per fax that is submitted.  Claimants who do not have actual copies of the fax advertisements but submit a sworn declaration or affidavit stating that they received fax advertisements from Balboa Capital during the relevant timeframe will be eligible for a cash payment of up to $275, depending on the number of facsimiles the claimant allegedly received.  The payment schedule is as follows:

| Number of Faxes Pursuant to Declaration | Total Cash Payment to Claimant |
|---|---|
| 1 | $175 |
| 2 | $200 |
| 3 | $225 |
| 4 | $250 |
| 5 or more | $275 |

Each claimant will be entitled to a single cash payment, and no claimant will be entitled to submit more than one claim form.  Multiple subscribers to the same fax number will be entitled to only a single payment.  If the amount required to pay valid Claims, the Incentive Award and attorneys' fees, as set forth below, amount to greater than $3,300,000, then after the attorneys' fees and the Incentive Award is subtracted, the remainder of the $3,300,000 will be distributed on a reduced *pro rata* share calculated from the amount of payment the Claimant would have received as set forth above.  Payments to Claimants will be distributed 90 days after the final court approval of the Settlement Agreement or after the final resolution of any appeals that are filed.

If payment of valid Claims, the Incentive Award and attorneys' fees are not sufficient to expend $2,300,000 ("the Floor"), then the balance will be distributed on a *pro rata* basis up to a maximum award of $1,500 per fax claimed, with a limit of a maximum of five faxes per Claimant.  Claimants may only receive an increased *pro rata* share after first deducting the amount of the Incentive Award and Attorneys' Fees.  If the Floor is still not met upon payment of valid claims, the Incentive Award, attorneys' fees and the *pro rata* distribution described above, then the remaining balance will be distributed to a charity agreed to by the parties and approved by the Court.

The number of claimants who send in claims varies widely from case to case.  If less than 100% of the Class sends in a claim form, you could get more money.

## HOW YOU GET A PAYMENT—SUBMITTING A CLAIM FORM

### 9.  How can I get a payment?

To qualify for payment, you must send in a claim form.  A claim form is attached to this Notice.  You may also get a claim form on the internet at www.balboaclassaction.net. Read the instructions carefully, fill out the form, include all the documents the form asks for, sign it, and mail it postmarked no later than **February 4, 2014**.

### 10.  When would I get my payment?

The Court will hold a hearing on **March 21, 2014 at 2:30 p.m.**, to decide whether to approve the settlement.

If Judge Staton approves the settlement after that, there may be appeals by class members who have objected to the settlement.  It's always uncertain whether these appeals can be resolved, and resolving them can take time, perhaps more than a year.  Everyone who sends in a claim form will be informed of the progress of the settlement through periodic updates on the website.  Please be patient.

## 11.  What am I giving up to get a payment or stay in the class?

Unless you exclude yourself, you are staying in the class, and that means that you can't sue, continue to sue, or be part of any other lawsuit against Balboa Capital about the issues in this case.  It also means that all of the Court's orders will apply to you and legally bind you.  If you sign the claim form, you will agree to a "Release of Claims," attached to the claim form, which describes exactly the legal claims that you give up if you get settlement benefits.

# EXCLUDING YOURSELF FROM THE SETTLEMENT

If you don't want a payment from this settlement, but you want to keep the right to sue or continue to sue Balboa Capital on your own about the issues in this case, then you must take steps to get out.  This is called excluding yourself—or is sometimes referred to as opting out of the settlement Class.

## 12.  How do I get out of the settlement?

To exclude yourself from the settlement, you must send a letter by mail saying that you want to be excluded from *Vandervort v. Balboa Capital*.  Be sure to include your name, address, telephone number, and your signature.  You must mail your exclusion request postmarked no later than **February 4, 2014** to:

> Balboa Capital Exclusions
> Tilghman & Co., P.C.
> P.O. Box 11487
> Birmingham, AL 35202-1487

If you ask to be excluded, you will not get any settlement payment, and you cannot object to the settlement.  You will not be legally bound by anything that happens in this lawsuit.  You may be able to sue (or continue to sue) Balboa Capital in the future.

## 13.  If I don't exclude myself, can I sue Balboa Capital for the same thing later?

No.  Unless you exclude yourself, you give up any right to sue Balboa Capital for the claims that this settlement resolves.  If you have a pending lawsuit, please speak to your lawyer in that case immediately.  You must exclude yourself from this Class to continue your own lawsuit.  Remember, you must mail your exclusion request postmarked no later than **February 4, 2014**.

## 14. If I exclude myself, can I get money from this settlement?

No.  If you exclude yourself, do not send in a claim form to ask for any money.  But, you may sue, continue to sue, or be part of a different lawsuit against Balboa Capital.

# THE LAWYERS REPRESENTING YOU

## 15.  Do I have a lawyer in this case?

The Court approved the law firms of Bellin & Associates LLC in White Plains, NY, Joseph A. Compoli, Esq. of Cleveland, OH and Roger Furman, Esq. of Los Angeles, CA, to represent you and other Class Members. These lawyers are called Class Counsel.  You will not be charged for these lawyers.  If you want to be represented by your own lawyer, you may hire one at your own expense.

## 16.  How will the lawyers and Class Representatives be paid?

Class counsel will ask the Court to approve payment of up to $1,100,000 to them for attorneys' fees and costs and total payment of $10,000 to Michael A. Vandervort and U.S. Sample Services, Inc. for their services as Class Representatives.  The attorneys' fees and costs would pay Class Counsel for investigating the facts, litigating the case, and negotiating the settlement.  The Court may award less than these amounts.  These amounts will reduce the settlement fund available for Class Members.  Balboa Capital has agreed not to oppose these fees, costs and payments.  Balboa Capital will also pay the costs for administering the settlement.  Class Counsel will file a Motion for Attorneys' Fees, Litigation Costs and Expenses no later than January 20, 2014, 15 days before the date by which you must submit a claim form, opt out of the settlement, or object to the settlement's terms.  That motion will be available for review as part of the Court's files in this matter at the Office of the Clerk of Court or via PACER.

# OBJECTING TO THE SETTLEMENT

You can tell the Court that you don't agree with the settlement or some part of it.

## 17.  How do I tell the Court that I don't like the settlement?

If you're a Class Member, you can object to the settlement if you don't like any part of it.  You can give reasons why you think the Court should not approve it.  The Court will consider your views.  To object, you must send a letter saying that you object to the settlement in Vandervort v. Balboa Capital, Case No. 8:11-cv-1578 JST (JPRx).  Be sure to include your name, address, telephone number, your signature, and the reasons you object to the settlement.  Mail the objection to these three different places postmarked no later than **February 4, 2014**:

| Court | Class Counsel | Defense Counsel |
|---|---|---|
| Clerk of the Court<br>United States District Court<br>for the Central District of<br>California<br>411 West Fourth Street<br>Santa Ana, CA  92701-4516 | Aytan Y. Bellin<br>Bellin & Associates<br>85 Miles Avenue<br>White Plains, NY  10606 | Nancy M. Barnes<br>Thompson Hine LLP<br>3900 Key Center<br>127 Public Square<br>Cleveland, OH  44114 |

### 18.   What's the difference between objecting and asking to be excluded?

Objecting is simply telling the Court that you don't like something about the settlement.  You can object only if you stay in the Class.  Excluding yourself is telling the Court that you don't want to be part of the Class.  If you exclude yourself, you have no basis to object because the case no longer affects you.

# THE COURT'S FAIRNESS HEARING

The Court will hold a hearing to decide whether to approve the settlement.  You may attend and you may ask to speak, but you don't have to.

### 19.   When and where will the Court decide whether to approve the settlement?

The Court will hold a Fairness Hearing at 2:30 p.m. on March 21, 2014, 2014, at the United States District Court for the Central District of California, 411 West Fourth Street, Santa Ana, California 92701 in Courtroom 10A.  At this hearing the Court will consider whether the settlement is fair, reasonable, and adequate.  If there are objections, the Court will consider them.  Judge Staton will listen to people who have asked to speak at the hearing.  The Court may also decide how much to pay to Class Counsel.  After the hearing, the Court will decide whether to approve the settlement.  We do not know how long these decisions will take.

### 20.   Do I have to come to the hearing?

No.  Class Counsel will answer questions Judge Staton may have.  But, you are welcome to come at your own expense.  If you send an objection, you don't have to come to Court to talk about it.  As long as you mailed your written objection on time, the Court will consider it.  You may also pay your own lawyer to attend, but it's not necessary.

### 21.   May I speak at the hearing?

You may ask the Court for permission to speak at the Fairness Hearing.  To do so, you must send a letter saying that it is your "Notice of Intention to Appear in Vandevort v. Balboa Capital."  Be sure to include your name, address, telephone number, and your signature.  Your Notice of Intention to Appear must be postmarked no later than **February 4, 2014**, and be sent to the Clerk of the Court, Class Counsel, and

Defense Counsel, at the three addresses in question 18.  You cannot speak at the hearing if you excluded yourself.

# IF YOU DO NOTHING

| 22. What happens if I do nothing at all? |
|---|

If you do nothing, you'll get no money from this settlement.  But, unless you exclude yourself, you won't be able to start a lawsuit, continue with a lawsuit, or be part of any other lawsuit against Balboa Capital about the legal issues in this case, ever again.

# GETTING MORE INFORMATION

| 23. Are there more details about the settlement? |
|---|

This notice summarizes the proposed settlement.  More details are in a Settlement Agreement.  You can get a copy of the Settlement Agreement by writing to Balboa Capital Settlement, Tilghman & Co., P.C., P.O. Box 11487, Birmingham, AL 35202-1487 or by visiting www.balboaclassaction.net.

| 24. How do I get more information? |
|---|

You can call 1-800-414-4370 toll free; write to Balboa Capital Settlement, Tilghman & Co., P.C., P.O. Box 11487, Birmingham, AL 35202-1487; or visit the website at www.balboaclassaction.net, where you will find answers to common questions about the settlement, a claim form, plus other information to help you determine whether you are a Class Member and whether you are eligible for a payment.  Do not contact the Court.

DATE: December 6, 2013.