JS-6

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA, SOUTHERN DIVISION

| | |
|---|---|
| MICHAEL A. VANDERVORT and U.S. SAMPLE SERVICES, INC., on behalf of themselves and all others similarly situated,<br><br>      Plaintiffs,<br><br>vs.<br><br>BALBOA CAPITAL CORPORATION,<br><br>      Defendant. | Case No.:  SACV 11-1578-JLS (JPRx)<br>Hon. Josephine L. Staton<br><br>**FINAL JUDGMENT** |

      The Motion for Final Approval of Class Settlement filed by plaintiffs Michael A. Vandervort and U.S. Sample Services, Inc. (collectively, "Plaintiffs") came on for hearing before the Court, the Honorable Josephine L. Staton presiding, on March 25, 2014.  Pursuant to the parties' Settlement Agreement (Doc. 112-1), Defendant Balboa Capital Corporation ("Balboa") did

not oppose Plaintiffs' motion. By Order dated March 27, 2014 (Doc. 126) (the "Final Approval Order"), the Court approved the parties' Settlement Agreement and granted the other relief sought in Plaintiffs' motion. In accordance with this Court's Final Approval Order, it is hereby **ORDERED, DECREED AND ADJUDGED** that:

1. The Court has jurisdiction over the subject matter of this litigation, and over the parties to the Settlement Agreement relating to this litigation, including the two named plaintiffs, all other members of the settlement class covered by the Settlement Agreement described below, and defendant Balboa Capital Corporation.

2. The Court grants final approval to the parties' Settlement Agreement as fair, reasonable and adequate in compliance with Fed. R. Civ. P. 23(e). The Court directs the parties in this action to perform their obligations under the Settlement Agreement.

3. Pursuant to the Settlement Agreement and this Court's Final Approval Order, the settlement class in this action consists of "all persons in the United States who, from October 12, 2007 through November 23, 2011, were sent or caused to be sent one or more facsimile advertisements by Defendant Balboa Capital Corporation, its employees, vendors or contractors." The parties, through the class administrator chosen in this case, Tilghman & Co., Inc., have attempted to fax and/or send by first class mail notice of the settlement to all settlement class members. Resource Recovery System of Nebraska has opted out of the settlement class, and John's Tires, Mt. Eaton Tool Staple, Slingshot Sports LLC, Glenn Beidler Equipment, Ex-Cello Overhead Door Co., Alvin Reiff Woodworking, Merle Miller, Frederick H. Peele, Mary Nobriga, and The Ned Herman Group previously opted out of the class initially certified by the Court; those persons who opted out at either juncture are not parties to the Settlement Agreement or this Final Judgment.

4. No later than May 26, 2014 (60 days after the date of the Final Approval Order), Balboa shall pay to each of the two named class representatives a $5,000.00 incentive award. The two Plaintiffs also shall be entitled to recover any amounts due them for submitting valid claims pursuant to the parties' Settlement Agreement.

5. No later than June 25, 2014 (90 days after the date of the Final Approval Order), Balboa shall pay to Plaintiffs' lead counsel, Bellin & Associates, the sum of $54,649.79 for costs plus $1,045,350.21 for Plaintiffs' counsels' combined attorneys' fees, for a total of $1,100,000.00.

6. No later than June 5, 2014 (70 days after the date of the Final Approval Order), Balboa shall pay to the class administrator, Tilghman & Co., Inc., the total amount calculated to be payable to claimants who have submitted valid claims and to the *cy pres* recipient, Public Citizen, if necessary. The class administrator shall mail all such payments no later than June 25, 2014 (90 days after the date of the Final Approval Order).

7. The total amount to be paid to claimants and, if necessary, Public Citizen, shall be determined as follows: After counsel for Plaintiffs and Balboa have resolved how to resolve claims of certain claimants sent deficiency notices on April 1, 2014, and after the Court determines any remaining Disputed Claims (as defined in the Settlement Agreement) submitted to the Court for resolution, the class administrator, Tilghman & Co., shall calculate the sum of the amounts payable to all claimants determined to have submitted valid claims based on the number of faxes they have either produced or averred to have received. That sum shall be adjusted as follows:

    (a) If the total amount of claimants' valid claims plus the $1,100,000.00 payable to Plaintiffs' counsel plus the $10,000.00 combined incentive award payable to the two named Plaintiffs is less than the $2,300,000.00 "Floor" amount of the parties' settlement, then those

claimants' payments shall be increased on a pro rata basis as authorized in the Settlement Agreement. If the Floor still is not reached after claimants' awards are increased on the pro rata basis authorized, any remaining shortfall between that total amount and the $2,300,000.00 Floor shall be payable to Public Citizen as a *cy pres* award.

      (b)    If the total amount of claimants' valid claims plus the $1,100,000.00 payable to Plaintiffs' counsel plus the $10,000.00 combined incentive award payable to the two named Plaintiffs exceeds the $2,300,000.00 "Floor" but is less than the $3,300,000.00 "Ceiling" amount of the parties' settlement, then those claimants' payments shall be payable without further adjustment.

      (c)    If the total of claimants' valid claims plus the $1,100,000.00 payable to Plaintiffs' counsel plus the $10,000.00 combined incentive award payable to the two named Plaintiffs exceeds the $3,300,000.00 Ceiling, then those claimants' payments shall be reduced on a pro rata basis as authorized in the Settlement Agreement.

      8.    No later than July 31, 2014, Balboa shall pay to the class administrator any outstanding bill(s) for the reasonable costs of class notice and class administration other than the costs for first-class mailing of the Short-Form notice of the parties' settlement to class members to whom fax notice did not go through, which Plaintiffs' counsel paid. The class administrator shall include in such bills, and Balboa shall pay a reasonable estimate of prospective costs still to be incurred (e.g., for sending out Form 1099s to claimants in January 2015).

      9.    Promptly after (a) all valid claims, (b) the named Plaintiffs' approved incentive awards, (c) Plaintiffs' counsels' approved attorneys' fees and costs, (d) the *cy pres* award, if any, and (e) the class administrator's unreimbursed costs are paid in full, Plaintiffs shall so notify the Court. At that time, this litigation shall be dismissed with prejudice, and the mutual releases

described in the Settlement Agreement shall go into full force and effect as to all persons released. Notwithstanding the foregoing dismissal and releases, the Court shall retain continuing jurisdiction over this action and the parties to it for the purposes of construing, implementing and enforcing the parties' Settlement Agreement and this Final Judgment.

      10.    Effective immediately, Balboa is permanently enjoined from advertising by fax in violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227.

Dated: April 7, 2014

_____
Honorable Josephine L. Staton
United States District Judge